In the Matter of Jack Sheibar, Petitioner, against New York State Liquor Authority, Respondent.

First Department, October 1, 1957.

A. Albert Fein for petitioner.

John J. Hyland of counsel (Arthur A. Klotz, attorney), for respondent.

*Per Curiam.* In this proceeding under article 78 of the Civil Practice Act to review a determination by the State Liquor Authority, the only question before us is whether the record discloses " substantial evidence " to support the determination. (*Matter of Stork Restaurant* v. *Boland*, 282 N. Y. 256.) Petitioner's restaurant liquor license was suspended for a period of 10 days following a finding by the Authority that petitioner violated section 65 of the Alcoholic Beverage Control Law in that he sold, delivered or gave away or permitted to be sold, delivered or given away alcoholic beverages to a minor actually or apparently under the age of 18 years.

In summary, the evidence showed that three sailors in the attire of the United States Navy came into the licensed premises. Two of them sat at a table while one went to the bar and brought back three bottles of beer. Of the two who remained at the table, one was 17 years and 10 months old at the time.

We have heretofore expressed our agreement with the Authority's concern regarding the sale to underaged minors and have reiterated that " under the regulatory statute intent or knowledge on the part of the licensee is immaterial, in order to provide increased protection for the young ". (*Matter of Erin Wine & Liq. Store* v. *O'Connell*, 283 App. Div. 443, 447, affd. 307 N. Y. 768.)

Under the circumstances herein (including, among others, the crowded premises and lack of any contact between the minor and the bartender) an appraisal of the entire record convinces us that there is absent any proof — other perhaps than a mere scintilla or a thin speculation — of the delivery, or the permitting of the delivery, of an alcoholic beverage to the minor. Hence, a conclusion that section 65 of the Alcoholic Beverage Control Law had been violated was not a reasonable inference from the facts.

The determination of the Authority should be annulled.

Peck, P. J., Breitel, Botein, Valente and McNally, JJ., concur.

Determination annulled. Settle order on notice.