In the Matter of McGINNIS' BROADWAY REST., INC., Respondent, against THOMAS E. ROHAN et al., Constituting the State Liquor Authority, Appellants.

First Department, July 1, 1958.

*Emanuel D. Black* of counsel (*Oscar A. Bloustein,* Counsel, State Liquor Authority), for appellants.

*Hyman N. Glickstein* of counsel (*Daniel W. Meyer* with him on the brief; *Boudin, Cohn & Glickstein,* attorneys), for respondent.

BASTOW, J.   The petitioner in this article 78 proceeding to review an order of the State Liquor Authority concedes that there is substantial evidence to sustain the finding that on June 24, 1956 petitioner sold an alcoholic beverage to a youth of the age of 15 years and 5 months.   The sole question presented upon this appeal is whether the Authority abused its discretion in ordering that petitioner's license be suspended for a period of 10 days.   Special Term annulled the determination and remitted the proceeding to the Authority for reconsideration of the penalty imposed but limited the discretionary power of the appellant by providing that no punishment might be imposed more severe than a suspended and deferred 10 days' suspension of the license.   We are all in accord that this latter restriction was an invalid invasion of the power of the administrative body.

The issue is further sharpened by statements contained in an affidavit made by the chairman of the Authority.   In substance it appears therein that in a formal report of March 19, 1957 from the appellant to the Governor and the Legislature the former has employed a system of deferring or partially deferring penalties imposed upon licensees for certain violations subject to reimposition, in the discretion of the Authority, in the event of a further violation within a stated period.   This policy, however, has not been followed where a licensee has been found guilty of a sale to a minor.

To the contrary, the Authority in the same report, stated in part that: " the Authority has continued invariably to impose administrative penalties against licensees who are found guilty of violations of the sales to minor provisions even where mitigating circumstances are manifest.   The Legislature has

enjoined upon licensees the strict obligation to prevent sales to minors on their licensed premises. In so doing, they included within the scope of the prohibition sales to persons 'apparently' under the age of eighteen. Their purpose was to provide sanctions against the service to persons who despite so called 'proofs', from appearance alone are under the age of eighteen. Recognition of the need to apply strict sanctions in instances of sales to minors in order to keep all licensees alert to their obligation, has deterred the Authority from applying, in such instances, the system of deferred or partially deferred penalties which has been found effective in connection with most other violations. * * * This probationary type penalty is not, however, employed in instances of sales to minors, violations involving spurious liquor or refilling of bottles, and violations of the Minimum Consumer Resale Price Listing provisions.''

Furthermore, the Authority concedes that it has adopted a policy of imposing, as a minimum, a suspension of 10 days without deferment thereof. The licensee contends that the establishment of such a policy in and of itself is an arbitrary act and contends that the enforcement of such a suspension should be deferred or suspended upon a showing of extenuating or mitigating circumstances. It claims that such circumstances are to be found in this record. It points to the facts surrounding the particular sale and to the hardship that would result from any suspension because of its large volume of business. The Authority, on the other hand, contends that the circumstances surrounding the making of the sale are neither mitigating nor extenuating; that they are common, in varying degrees, to all licensees, who are found guilty of making sales to minors. Moreover, it argues that two standards of punishment should not be established, one for the small restaurant or bar and another for the large establishment.

Section 118 of the Alcoholic Beverage Control Law provides, among other things, that a license may be " suspended for cause ". Section 65 of the same law prohibits the sale of an alcoholic beverage to " Any minor, actually or apparently, under the age of eighteen years ". The law places upon the licensee the burden of knowing that the youth is at least 18 years of age before a sale is made. This duty while perhaps burdensome is not impossible of performance.

It is apparent that this type of violation, except in the case of the calloused licensee, invariably is accompanied by mitigating circumstances. The Authority, however, in the exercise of

its power has announced to all licensees that to keep them alert to the obligation of not selling to minors, which they alone may fulfill, a violation will be followed by a license suspension of 10 days. It has been written that "The protection of adolescents against psychic and physical impairment from the use of alcohol is a settled policy of the State. It is more important than the inconvenience that might come to liquor purveyors in taking the trouble to check somewhat the maturity of their customers. The burden is not intolerable, but whatever it is the Legislature has undoubted power to impose it. If it seems heavy, it is placed where it is for good cause." (*Matter of Barnett* v. *O'Connell,* 279 App. Div. 449, 450.)

In summary, a licensee is open to a variety of charges. A sudden brawl may result in a charge that the licensee has permitted the premises to become disorderly but after a hearing the Authority may conclude that in the light of all the facts a deferred penalty may be adequate. Similarly, in passing upon a charge that the licensee has sold an alcoholic beverage to an intoxicated person the surrounding circumstances may also justify a probationary type punishment.

The Authority, however, as to four types of violations, has made it plain to licensees that a finding of guilt thereof will result in a suspension of the license without deferment thereof. Three of these—sale of spurious liquors, refilling of bottles and violations of the Minimum Consumer Resale Price Listing provisions—constitute willful acts. The fourth—sales to minors —may be avoided by the exercise of a high degree of care. We are unable to find that this decision, apparently thoughtfully arrived at, is arbitrary or capricious.

The judicial review of a finding of guilt consists of applying the test of the rationality of the determination made in the exercise of administrative discretion. By a recent amendment to section 1296 of the Civil Practice Act, we have been given the power to determine whether the administrative body has abused its discretion in imposing the punishment involved in the determination. Here, the test is whether "the measure of punishment or discipline imposed is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness." (*Matter of Stolz* v. *Board of Regents,* 4 A D 2d 361, 364.) We conclude upon all the facts before us that the penalty here imposed does not come within the concept of arbitrariness that permits a finding that

the Authority abused its discretion or requires the intervention of the judicial process to suggest inferentially the imposition of a lesser penalty by the Authority.

The order appealed from should be reversed and the petition dismissed.

RABIN, J. (dissenting in part). On the facts contained in the record before us, it is my view that the order suspending petitioner's license for 10 days is so shockingly severe as to constitute a clear abuse of discretion. Furthermore, it is based upon a policy adopted by the respondents which I think is clearly arbitrary and should not have been followed in this case.

The petitioner serves an average of 3,800 customers each day. During the course of the past year, it served nearly 1,400,000 people. In the 19 years that it has been doing business, it has never before been charged with the violation of selling liquor to a minor. In its operation, petitioner employs about 200 people of whom 50 are waiters and bartenders. That it has never been found to violate that provision of the liquor law is strong evidence of its assertion that it is vigilant, alert and constantly admonishing its employees to be careful in that respect.

Respondents seek to justify their action by relying on their policy of imposing a suspension of not less than 10 days, even for a first offense in serving a minor. We should respect a proper exercise of discretion by the Authority and should not substitute our judgment for that of the respondents, but it seems to me that the adoption of an arbitrary rule which entirely disregards mitigating circumstances and to which no exception may be made, is not a proper exercise of discretion. There would be no objection if the respondents' general policy were a 10-day suspension of license for a first offense, subject however to an exception in extreme circumstances. Then perhaps it could be said that the rule is not arbitrary. But to impose it in every case regardless of the facts is not a proper exercise of discretion. The situation in this case clearly illustrates that fact. Perhaps the arbitrary nature of such inflexible policy can be more readily appreciated were it to be applied to one of the larger hotels in this city.

I agree with the majority, however, that Special Term, in annulling the order, was not empowered to dictate to the respondents what a proper punishment should be. I, therefore, vote to modify the order so as to eliminate that portion

which contains specific instructions as to what subsequent punishment is to be imposed. As thus modified, the order should be affirmed.

Breitel, J. P., Valente and Stevens, JJ., concur with Bastow, J.; Rabin, J., dissents, in part, in opinion.

Order reversed on the law, with $20 costs and disbursements to the appellants, the determination of the respondents reinstated, and the petition dismissed, with $10 costs.