■ In the Matter of PHILIP GOLDFINGER, Petitioner, against STATE LIQUOR AUTHORITY, Respondent.— Determination annulled, without costs, and matter remitted to respondent for further proceedings in accordance with the memorandum: The findings made by respondent are so inadequate and incomplete that they cannot be judicially reviewed. In the first charge the licensee was charged with a violation of subdivision 2 of section 106 of the Alcoholic Beverage Control Law in that he kept liquor upon the licensed premises in containers, the contents of which were not as represented on the labels. There was substantial evidence upon the hearing that the contents of certain liquor bottles had been tampered with. The findings contain a brief summary of the facts but conclude with certain findings that might be viewed as exculpatory. Thus

there is a finding that "the testimony" of the petitioner "indicates" that he never tampered with the whiskey bottles nor did he instruct his employees to do so. The final finding is that petitioner had an employee who is now in a State Hospital "after doing considerable damage to the premises." Subdivision 2 of section 106 contains at least two separate provisions — one relates to the keeping of liquors on the premises in the original sealed package. The other prohibits, among other things, tampering with, diluting or fortifying the contents of bottles. The respondent has made no clear-cut findings as to the issues presented. The second charge was that petitioner had failed to keep on the premises a bona fide hotel. The findings as to this charge also fail to show the actual grounds of the decision. In fact they are not findings because each is prefaced by a statement that the evidence or testimony "indicates" certain things. New findings of fact should be made "which show the actual grounds of decision, — findings sufficiently specific so that the reviewing court may judge, first, whether the findings themselves are supported by the evidence in the record of the quasi-judicial hearing and, second, whether the facts so found are legally sufficient to support the determination." (Benjamin, Administrative Adjudication [1942], pp. 251–252.) All concur. (Review of the action of the State Liquor Authority which revoked petitioner's hotel liquor license, transferred to the Appellate Division for determination by order of Erie Special Term.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.