■ In the Matter of WEST 151ST STREET LIQUOR STORE, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination of respondent, the State Liquor Authority, confirmed, on the law and on the facts, and the petition dismissed, with $20 costs and disbursements to respondent. The testimony of Louis Alvarez is clear and unequivocal to the effect that he accompanied Ralph Lago, age 14, to petitioner's liquor store, saw him enter the store empty-handed and then emerge carrying a bottle of wine. The circumstances related by Alvarez were such that if his testimony were believed, the conclusion would be inescapable that Lago actually purchased the wine. The credibility of the witnesses was to be determined by the Hearing Examiner, who afforded petitioner a fair and thorough trial; and who explicitly credited the testimony of respondent's witnesses and did not credit the testimony of petitioner's witnesses. Alvarez' testimony appears credible and even convincing; and is strongly reinforced by the testimony of Detective Griffin that some months before the hearing Lago identified petitioner's store as the place where he had made the purchase. No motive is attributed to the police to fabricate the charge against petitioner; nor does it appear that Lago and Alvarez, who because of the difference in their ages were incarcerated in different institutions, ever had an opportunity to confer and coincide their statements. There was therefore substantial, competent evidence to sustain the determination of respondent that petitioner had violated section 65 of the Alcoholic Beverage Control Law by selling an alcoholic beverage to a minor actually under 18 years of age. Concur — Botein, P. J., Eager and Bergan, JJ.; Valente and Stevens, JJ., dissent in the following memorandum by Valente, J.: On August 3, 1959, petitioner's retail liquor license was ordered suspended for a period of 20 days — 10 days of the suspension to be effective forthwith, and the balance of 10 days to be deferred provided no other offense was committed in the ensuing 12 months. The determination of the State Liquor Authority followed a finding, after a hearing, that petitioner, on July 30, 1957, had sold and delivered alcoholic beverages to a minor under the age of 18 years in violation of section 65 of the Alcoholic Beverage Control Law. I am unable to agree with the majority of this court that the record discloses substantial evidence to support the determination. Only recently, in Matter of Phinn v. Kross (8 A D 2d 132) we discussed fully the scope of review of determinations by administrative tribunals and held that under the "substantial evidence" rule we must look to the whole record to see if there was such relevant evidence as would carry conviction to a reasonable mind (see, also, Matter of La Forge v. Kennedy (7 N Y 2d 973, revg. 8 A D 2d 143). The investigation relating to the licensed premises came about as a result of the well-publicized Farmer homicide case. The chronology

indicates that the alleged purchase was made on July 30, 1957. In April, 1958, Ralph Lago, the boy who is claimed to have made the purchase pointed out the store to the detective witness Griffin. On May 15, 1958 this same boy made a statement involving petitioner to the State Liquor Authority investigator Peterman. On July 7, 1958 these proceedings were instituted. Hearings were held on November 10 and December 8, 1958 which resulted in the order of suspension on August 3, 1959. On the date of the alleged purchase, Ralph Lago was 14 years old, and Louis Alvarez, who testified, was 17 years of age. Both were implicated in the *Farmer* case. Ralph Lago had been sent to the New York State School for Boys at Warwick, where he was when he gave the statement to the State Liquor Authority's investigator. Louis Alvarez had also been convicted in the same case and was serving his sentence at the time of the hearing. (In April, 1958, Alvarez was convicted of murder in the second degree, was sentenced to 20 years to life, and was sent to the Elmira Reception Center.) The evidence relied upon by the Authority to support its determination consists of the testimony of Louis Alvarez and of Detective Edward Griffin. Ralph Lago, the alleged purchaser of the wine, was never called as a witness, it being stated that he was in Puerto Rico. However, his statement to Peterman was received in evidence. Louis Alvarez testified that on July 30, 1957, between 8:00 P.M. and 8:30 P.M., he went to the licensed premises with Ralph Lago, then 14 years old, to buy wine for a group of boys who had " chipped in " for that purpose. Alvarez did not go into the store but waited outside. Lago meanwhile went in empty handed and came out carrying a bag containing a quart bottle of wine. While Alvarez testified he saw Lago at the store counter from his position outside the store, he did not see Lago make the purchase. Alvarez could not explain why Lago, being the younger of the two boys, went in to make the purchase. Detective Edward Griffin testified that at the direction of the Assistant District Attorney in charge of a homicide case, he had taken Ralph Lago to the vicinity of petitioner's premises — evidently in April, 1958, about 10 months after the alleged purchase, according to Lago's statement to Peterman — and that Lago stated that this was the place where he had bought the wine. At the time Lago was unable to identify anyone in the store as the person who allegedly sold him the wine. The petitioners called as witnesses the clerk who worked in the licensed premises during the evenings, and the two principals who as partners owned the place, all of whom denied any sale to a minor. In concluding to sustain the charge, the Hearing Commissioner specifically stated he did not rely upon Lago's written statement to Allen Peterman, an investigator for the Authority, obtained in May, 1958 while Lago was at the New York State School for Boys at Warwick. After reading this record — while there may be some evidence from which the conclusion may be drawn that the petitioner sold wine to a minor on the date in question — on the whole case, I am obliged to conclude that it lacks substantial evidence to support the determination of the State Liquor Authority that petitioner violated section 65 of the Alcoholic Beverage Control Law (*Matter of La Forge* v. *Kennedy, supra*). I so conclude whether or not we consider the written statement of the boy who made the purchase. If we consider the statement — then apart from the hearsay objections and the fact that petitioner was deprived of the right to cross-examine him — we have the added fact that the examiner was deprived of a visual observation of the witness. He may have concluded that if petitioner had not inquired as to his age that was justified because of the appearance of the boy. Without the statement then, we have only the testimony of the older boy who was brought down from incarceration. The Authority should be encouraged in its effort to stamp out sales to minors and to oblige sellers of wines and liquors to be most careful not to make such sales. Nevertheless, on the whole

case herein, I cannot agree that the testimony reaches the level of substantial evidence and I would therefore annul it for lack thereof.