■ In the Matter of NERO'S PAD, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78

to review respondent's determination, which, after a hearing, suspended petitioner's restaurant liquor license for 30 days and imposed a $1,000 bond claim. Determination confirmed and petition dismissed, on the merits, with costs. Complainant was severely beaten by the licensee's bouncer when he was accused of walking out with a dancer's shirt. An officer of the licensee corporation was present, but did not participate in the beating. The testimony is unclear as to who struck the first blow. The respondent's determination is conclusive as to any controverted questions of fact. It is only when circumstances admit of only one inference that the court may decide, as a matter of law, what inference should be drawn. Since respondent's witnesses were not incredible as a matter of law, and as the record contains substantial evidence to support the finding that the licensee allowed the premises to become disorderly, the determination should be confirmed (see *Matter of Stork Rest. v Boland,* 282 NY 256; *Matter of Radigan v O'Connell,* 304 NY 396, 399). The respondent also decided, as a result of the disorder, to impose a $1,000 bond claim and that petitioner's license should be suspended for 30 days. As a result of the disorder in the licensed premises, the complainant lost four teeth and received a broken nose and facial cuts. The penalty imposed is not so disproportionate to the offense as to be shocking to one's sense of fairness (see *Matter of Butterly & Green v Lomenzo,* 36 NY2d 250). Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Hawkins, JJ., concur.