■    In the Matter of FACULTY-STUDENT ASSOCIATION OF STATE UNIVERSITY COLLEGE AT ONEONTA, INC., Petitioner, v MICHAEL ROTH et al., Constituting the New York State Liquor Authority, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Otsego County) to review and annul a determination of the respondent State Liquor Authority that petitioner violated subdivision 5 of section 106 of the Alcoholic Beverage Control Law on April 14, 1975. Petitioner, a faculty-student association, holds a New York State liquor license which permits the sale of alcoholic beverages on premises known as the "Rathskeller" located on the campus of the State University College at Oneonta. For incidents alleged to have occurred during the early morning hours of April 14, 1975, the petitioner was

charged by respondent with violations of subdivision 5 of section 106 of the Alcoholic Beverage Control Law. Specifically, the petitioner was charged with selling or offering for sale or giving away and permitting the consumption of alcoholic beverages during prohibited hours. After a hearing, the commissioner found both of the charges sustained, and his findings were adopted by the board and a 10-day suspension of the petitioner's license was ordered. Petitioner seeks review of this determination contending that the testimony of the police officers should have been excluded on constitutional grounds; that the decision is not supported by substantial evidence and that the suspension was unduly harsh and excessive and, therefore, an abuse of discretion. Addressing ourselves to the petitioner's second contention and proceeding on the assumption that the challenged testimony was properly received and being mindful that our power of review is limited (CPLR 7803; see *Matter of Pell v Board of Educ.*, 34 NY2d 222, 230), we conclude that respondent's determination should not be permitted to stand. There is no credible evidence in this record that any sale occurred or that there was a giving away or offering for sale or that there was consumption of alcoholic beverages during prohibited hours, nor, in our view, could such be fairly or reasonably inferred on this record. While there is some evidence that a minimal amount of beer may have been consumed, the rule in this State has long been that whether evidence is substantial is to be determined in the light of the record as a whole *(Matter of Kelly v Murphy,* 20 NY2d 205), and in this instance we note the complete absence of any evidence as to the identity, status or authority of those present, save for the naked conclusion of one of the officers that one was the bartender. This evisceration, together with other deficiencies in the record, leads us to conclude that the decision is unsupported by substantial evidence and eliminates the necessity of our considering petitioner's other assertions. Determination annulled, and petition granted, with costs. Greenblott, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.