■    In the Matter of BARCHAT TAVERN, INC., Doing Business as ALADDINS PUB, LA LAS PLACE, Petitioner, v LIQUOR AUTHORITY OF THE STATE OF NEW YORK, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, which, after a hearing, found petitioner guilty of certain misconduct and canceled its special on-premises liquor license. Petition granted, determination annulled, on the law, without costs or disbursements, and charge dismissed. The amended notice of hearing sent to petitioner reads: "PLEASE TAKE NOTICE that pursuant to Section 118 of the Alcoholic Beverage Control Law you are required to appear at the office of the State Liquor Authority * * * in connection with proceedings to revoke the above license, on the following charges: That the licensee violated Section 106, subd. 6 of the Alcoholic Beverage Control Law in that it

suffered or permitted the licensed premises to become disorderly on May 17, & 18, 1978 wherein an altercation ensued." These are the findings of the hearing examiner: "I find that on May 17, 1978 on the licensed premises Kenneth Dulin became involved in an argument with Maria Barchat, secretary of the licensee corporation, and at her behest was ejected from the licensed premises in the process of which his ankle was injured and a shot was fired at him. I find that he returned to the licensed premises on May 18, 1978, armed with a shotgun and there confronted Vladimir Barchat, president of the licensee corporation, armed with a pistol, and an exchange of shots ensued. Accordingly, the charge is sustained." The findings were adopted by the Liquor Authority, two of whose members voted for cancellation of petitioner's license with the third "voting for [a 30-day suspension] 10 days forthwith and 20 deferred." In a case also involving the ejection of a patron, the Court of Appeals framed a two-step analysis: "first, whether the findings made by the State Liquor Authority are, 'on the entire record,' supported by substantial evidence [citations omitted], and, second, whether, if some of the Authority's findings are sufficiently supported, the facts found justified its conclusion that there had been a violation of the Alcoholic Beverage Control Law" *(Matter of Playboy Club of N. Y. v State Liq. Auth. of State of N. Y.,* 23 NY2d 544, 547). While "The respondent's determination is conclusive as to any controverted questions of fact" *(Matter of Nero's Pad v New York State Liq. Auth.,* 54 AD2d 716, 717), the facts in this record, looking at them in the most favorable view in an effort to sustain respondent's cancellation of petitioner's license, necessitate a conclusion that petitioner did not violate subdivision 6 of section 106 of the Alcoholic Beverage Control Law. As the court said in *Matter of Playboy Club of N. Y. (supra,* p 550): "conduct is not 'suffered or permitted' unless ' "the licensee or his manager knew or should have known' " of the asserted disorderly condition on the premises and tolerated its existence. (See, also, *Matter of Migliaccio v. O'Connell,* 307 N.Y. 566, 569.)" Here it is clear beyond peradventure of doubt that the offending patron, Dulin, became unruly and was quite properly ejected from the petitioner's place of business. Accepting, as we must, the finding of the hearing examiner that Dulin "was ejected from the licensed premises [at the behest of the secretary of the licensee corporation] in the process of which his ankle was injured and a shot was fired at him", there is no proof that his ankle was injured by reason of any improper conduct on the part of petitioner's employees or that anyone connected with petitioner fired the shot, and the hearing examiner quite adroitly avoided making any such findings. Under the circumstances, the charge that "the licensee violated Section 106, subd. 6 of the Alcoholic Beverage Control Law in that it suffered or permitted the licensed premises to become disorderly on May 17, & 18, 1978 wherein an altercation ensued" may not be sustained. The hearing examiner also found that Dulin "returned to the licensed premises on May 18, 1978, armed with a shotgun and there confronted Vladimir Barchat, president of the licensee corporation, armed with a pistol, and an exchange of shots ensued." At the hearing, Dulin admitted that after he was ejected from the premises he went to Mastic Beach and picked up a shotgun for which he had no permit; that he returned to the premises looking for the two men who had ejected him; that neither one was there; that he was told to leave; that he did so; that as he was "walking out to [his] car", a man called to him; that he replied "mind your business", but the man kept approaching him; that he then pulled his gun from the car, loaded it and aimed it at the oncoming man and fired a shot at him; and that that man fired back, at which time Dulin drove away

in his car. He could not identify the man who shot back as anyone connected with petitioner's premises, although later Vladimir Barchat, president of the licensee corporation, told the police that a man had tried to shoot him with a shotgun and that he returned the fire. Barchat was not arrested but Dulin was and he subsequently pleaded guilty to a charge of reckless endangerment. The hearing examiner made no finding that Barchat acted improperly or that Dulin acted properly, nor could he do so in view of the uncontradicted testimony that Dulin fired the first shot at a man who he did not know or even suspect was armed. Clearly, since Barchat may very well have been acting in defense of his life he did not "suffer or permit such premises to become disorderly". Under all of the circumstances the finding of a violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law was clearly unsupported by substantial evidence. Therefore we do not reach the contention of petitioner that the punishment imposed was excessive as a matter of law, although we believe that to be a fact. Lazer, J. P., Rabin, Gulotta and Shapiro, JJ., concur.