■ In the Matter of DAVID J. FALSO, Doing Business as PALM GARDENS RESTAURANT, Petitioner, v EDWARD J. MCLAUGHLIN et al., Constituting the New York State Liquor Authority, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Cortland County) to review a determination of the New York State Liquor Authority suspending petitioner's liquor license for a period of 10 days. The sole issue is whether the record developed before the hearing officer contains substantial evidence to support respondent's determination that petitioner violated subdivision 5 of section 106 of the Alcoholic Beverage Control Law by permitting persons to consume alcoholic beverages on licensed premises later than one-half hour after the commencement of prohibited hours of sale. Two police officers testified that they entered petitioner's licensed premises at 2:40 A.M. on March 1, 1978 and observed three patrons drinking beer. Petitioner testified that no beverage was served after 2:00 A.M. and that the beer in front of his customers was

"stale". Next, despite the police headquarter's logbook showing that the police officers called in at 2:40 A.M. to advise that they were entering the premises and, further, the wall clock display of a time of 2:41 A.M. when the officers entered the grill, petitioner testified that the wall clock was 15 minutes fast, making the actual time not only 2:25 A.M., but, more importantly, a legal time for consumption of alcoholic beverages. Respondent's refusal to credit petitioner's testimony cannot be disturbed. The identity of the licensee and his three patrons was clearly established (*Matter of Faculty-Student Assn. of State Univ. Coll. at Oneonta v Roth,* 54 AD2d 810) and where, as here, the sole issue is credibility of witnesses, the authority's determination will not be set aside unless unsupported by substantial evidence. Such is not the case here. Since the 10-day suspension of petitioner's license was not disproportionate to the offense, we conclude that the imposition of the penalty was not an abuse of discretion (*Matter of Butterly & Green v Lomenzo,* 36 NY2d 250). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.