■ In the Matter of CUMBERLAND FARMS FOOD STORES OF NEW YORK, INC., Petitioner, v STATE LIQUOR AUTHORITY OF THE STATE OF NEW YORK et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Liquor Authority of the State of New York suspending petitioner's grocery beer license for 20 days, 10 days to be executed forthwith and 10 days to be temporarily deferred. The first issue raised is whether, upon the entire record, the determination of the State Liquor Authority that petitioner violated subdivision 1 of section 65 of the Alcoholic Beverage Control Law by selling, delivering or giving away alcoholic beverages to a minor on April 11, 1980, is supported by substantial evidence. At a hearing before a deputy commissioner, the mother of the 17-year-old minor who made the purchase testified that her son was born on September 24, 1962, that he was now living in California with his father and was not available to testify at the hearing. A companion of the minor, Gregory Bartholf, testified that on the evening of April 11, 1980 the minor left his presence to go into petitioner's store to buy some beer with nothing in his hands at that time. When the minor rejoined him and another youth, he had a paper bag containing two six-packs of Genesee Cream Ale. Bartholf was at all times on the side of the store away from the entrance which was in the front of the store, and he could observe if anyone actually entered the store from that location. A police officer who came upon the boys consuming some of the beer behind petitioner's store said the minor told him that he bought the beer in the Cumberland Farms Store. A clerk for the store on duty that night denied making the sale. The hearing officer reasonably discredited the clerk's testimony. It was for the administrative agency to pass on the credibility of

witnesses and its determination will not be set aside unless unsupported by substantial evidence (*Matter of Falso v McLaughlin,* 72 AD2d 641; *Matter of Price Chopper Operating Co. v State Liq. Auth.,* 53 AD2d 806; *Matter of West 151st St. Liq. Store v State Liq. Auth.,* 13 AD2d 731, affd 11 NY2d 678). The decision of the State Liquor Authority herein is supported by substantial evidence. Petitioner's second contention that the penalty imposed by respondent is excessive and so disproportionate to the offense as to be shocking to one's sense of fairness is rejected (see *Matter of McGinnis' Broadway Rest. v Rohan,* 6 AD2d 115, 118, affd 6 NY2d 770). The instant violation was petitioner's second sale-to-minor violation within a 20-month period. The determination of the State Liquor Authority should be confirmed and the petition dismissed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Mikoll, JJ., concur.