OPINION OF THE COURT
Nicholas Figueroa, J.
Petitioner seeks, pursuant to CPLR article 78, to reverse and annul respondent’s August 13, 2004 final determination denying its application to register its brand for three malt beverage *639 products: Freaky Ice Passion Cocktail, Freaky Ice Cherry Fusion and Freaky Ice Lemon Stinger. Respondent’s final determination affirmed the initial denial by its Division of Wholesale Services, dated June 24, 2004.
Petitioner’s products have an alcohol content of 4.8% (9.6 proof). Petitioner’s package label instruction advises the consumer to “Serve Frozen.” The label also states, “Do not serve to children.” The products are intended to be directly consumed from their envelope-type containers.
Respondent’s Division of Wholesale Services, in disapproving the application for a brand label registration, found that “[t]he sale of such product would not be conducive to proper regulation and control.” The disapproval prohibits petitioner from distributing its product within New York State.
Petitioner appealed the initial denial to respondent’s chairman. Petitioner contended that “the reasons for the disapproval are overly vague” and that “[t]here is absolutely no indication as to how the sale of . . . our products . . . would not be conducive to proper regulation and control.” While petitioner contended that the vagueness prejudiced its ability to appeal the denial, it nevertheless proceeded to challenge the denial on the assumption that the disapproval was based on the fact that the product was to be consumed frozen. Closer to the mark, petitioner claimed that while respondent is “concerned about the appeal to underage drinkers, such ‘potential’ is not a valid basis to deny a brand label registration application.” Petitioner characterized respondent’s concern as speculative.
In affirming its initial denial, respondent noted that the products were to be sold in grocery stores and promoted by petitioner as the only alcoholic frozen popsicle in the world. Respondent stated that it was
“not satisfied that a product advertised as a popsicle which is not usually associated with alcohol is an appropriate product to be sold where very similar non-alcoholic products are sold, and where persons under age twenty-one are more likely to frequently shop, or that the sale of such product would be conducive to proper regulation and control.”
Continuing, respondent noted that the label warning against sale to minors was in small type and that “the possibility of underage customers purchasing the product appears to be too feasible.”
*640 Concluding, respondent stated that it “determine^] that approval of this brand label registration would create a high risk in the administration and enforcement of the Alcoholic Beverage Control Law and that public convenience and advantage would not be promoted by such approval.”
Petitioner alleges that, contrary to respondent’s findings, it did not advertise the products as popsicles. It notes that each product is contained in a pouch, and not on a stick. It challenges respondent’s determination that the product would be sold to minors in violation of state law, as speculative and irrational. Petitioner also argues that respondent lacks the power to regulate bottling or packaging; rather, its power is limited to regulating labeling.
The standard of review is whether respondent acted arbitrarily, capriciously or contrary to law (see Matter of Pell v Board of Educ., 34 NY2d 222, 230-231 [1974]). A court will affirm an administrative determination that has a rational basis (see Matter of 301 W. 111th Owners, LLC v Division of Hous. & Community Renewal, 7 AD3d 282 [2004]) and is made within the agency’s lawful powers (cf. Matter of Affiliated Distillers Brands Corp. v State Liq. Auth., 24 NY2d 31 [1969]). The court will not substitute its judgment for the agency’s if it arrived at its decision rationally (Matter of Nelson v Roberts, 304 AD2d 20, 23 [2003], citing Matter of Purdy v Kreisberg, 47 NY2d 354, 358 [1979]). The agency’s determination, if made within its authority, is entitled to deference (Matter of Nelson v Roberts at 23, citing Matter of Salvati v Eimicke, 72 NY2d 784, 791 [1988]).
Respondent’s decision cannot be considered arbitrary, capricious or contrary to law. Contrary to petitioner’s contentions, respondent did not exceed its powers by attempting to regulate the products’ marketing; rather, it acted within its powers to regulate labeling (see Alcoholic Beverage Control Law § 107-a [1] , [2]). Nor did respondent base its decision on speculation.
Under Alcoholic Beverage Control Law § 107-a (1), respondent is empowered to promulgate rules and regulations governing the labeling and offering of alcoholic beverages packaged, sold, or possessed for sale in New York. Respondent’s regulatory power is “calculated to prohibit deception of the consumer; to afford him adequate information as to [an alcoholic product’s] quality and identity” (Alcoholic Beverage Control Law § 107-a [2] ).
As the Court of Appeals indicated in dictum, “The Authority may, undoubtedly, exercise discretion to refuse to approve a *641 label which would help an applicant to violate any part of the Alcoholic Beverage Control Law.” (Matter of Affiliated Distillers Brands Corp. v State Liq. Auth. at 36.) Respondent rationally and reasonably withheld approval because of the risk that the label would create a high risk of petitioner’s product being acquired by minors, particularly in a grocery store (see Alcoholic Beverage Control Law § 65; see Matter of Cumberland Farms Food Stores of N.Y. v State Liq. Auth. of State of NY., 86 AD2d 742 [1982]). Moreover, respondent’s decision falls well within its power to prevent consumer deception.
While respondent mistakenly concluded that the product was advertised as a popsicle, this misconception does not detract from the validity of respondent’s ultimate findings. In respondent’s judgment, the alcohol warning on the label is not conspicuous enough to alert a consumer that he or she is purchasing a product containing alcohol, and not merely a frozen confection that children ordinarily consume. The products’ lack of a stick does not negate this conclusion, as it is a matter of common knowledge that nonalcoholic frozen treats without a stick are sold in grocery stores. The court, deferring to respondent’s expertise in this area, will not interfere with respondent’s judgment that there exists a danger that minors will have access to the product. Respondent’s finding is not speculative; rather, it was based on a reasonable assessment of the products’ physical characteristics, including their label, and intended place of sale.
Accordingly, it is adjudged that respondent’s determination is confirmed, the petition denied and the proceeding dismissed.