[881 NYS2d 427]

In the Matter of 25-24 Café Concerto Ltd., Petitioner, v New York State Liquor Authority, Respondent.

First Department, June 30, 2009

**APPEARANCES OF COUNSEL**

*Mehler & Buscemi*, New York City (*Martin P. Mehler* of counsel), for petitioner.

*Thomas J. Donohue*, New York City (*Scott A. Weiner* of counsel), for respondent.

**OPINION OF THE COURT**

CATTERSON, J.

On the evening of January 15, 2006, in response to a complaint about underage drinking, a group of New York City police officers arrived on the petitioner's premises, a nightclub located in Astoria, Queens. Subsequently, four charges were brought against the petitioner by the New York State Liquor Authority (hereinafter referred to as the SLA): (1) allowing the sale of alcohol to an underage person or persons on January 15, 2006 in violation of section 65 (1) of the Alcoholic Beverage Control Law; (2) failure to exercise adequate supervision over

the conduct of the licensed business in violation of rules 54.2 (9 NYCRR 48.2) and 36.1 (f) (9 NYCRR 53.1 [f]) of the Rules of the SLA; (3) suffering or permitting the premises to become disorderly in violation of section 106 (6) of the Alcoholic Beverage Control Law; and (4) allowing the premises to become disorderly by suffering or permitting an altercation to occur on the licensed premises in violation of Alcoholic Beverage Control Law § 106 (6).

In support of the charges, the SLA submitted copies of summonses issued by Officer Chowdhury to two individuals at the premises, for "possession of alcohol by minor" and "consumption of alcohol by minor." These summonses list the birth dates of two individuals and indicate that both were under 21 years of age on the date the summonses were issued. The SLA also submitted six summonses issued by Officer Chowdhury to a bartender at the club, which stated that the bartender had violated section 65 (1) of the Alcoholic Beverage Control Law insofar as he sold (or permitted to be sold) alcohol to minors.

A hearing was held before an administrative law judge on October 5, 2007. At the hearing, Officer Chowdhury, a member of the 114th Precinct's Conditions Unit, testified that on the evening of January 15, 2006, he was assigned to midnight patrol duty. Officer Chowdhury further testified that after he received a call about underage drinking at the petitioner's premises, he immediately went to inspect the premises with a group of other police officers. Upon entering the premises, Officer Chowdhury stated that he "saw a lot of individuals drinking at a bar." He testified that it was his belief that many of the individuals "appeared . . . to be underage."

Approximately five minutes after entering the premises, Officer Chowdhury approached a group of eight individuals drinking out of unmarked containers near the bar. He then asked the group to step away from the bar to a different location "where they could talk." After removing the group to a quieter location outside of the premises, Officer Chowdhury asked the eight individuals to provide him with identification.

Two of the individuals handed him their New York State driver's licenses. Officer Chowdhury testified that both of the licenses indicated the individuals were under 21 years old. The officer then sniffed the drinks that the two individuals were holding and determined by the smell that they contained alcohol. The officer stated that he recognized the smell of alcohol from his experience as a police officer. He admitted, however,

that there is no special training given for identifying alcohol by its smell. Moreover, he could not recall whether he smelled beer, wine or hard liquor.

He then issued each of the two individuals a summons for "possession of alcohol by minor" and a summons for "consumption of alcohol." After issuing the summonses, Officer Chowdhury returned their licenses. He did not make a copy of either of the licenses so the licenses were not before the ALJ.

Officer Chowdhury further testified that the other six individuals did not have any identification, and that he told them to leave the premises because he was *convinced* that "they were underage and drinking." The record is unclear whether Officer Chowdhury sniffed any beverages possessed by these individuals.

After the group of eight individuals dispersed, Officer Chowdhury went back to the bar where he identified the bartender, Halambros Ioannides, as "the person in charge." He then issued Ioannides six summonses. Each of the summonses stated that Ioannides had violated section 65 (1) of the Alcoholic Beverage Control Law insofar as he allegedly sold alcohol to a minor. Officer Chowdhury testified that he issued the summonses to Ioannides "for the six individuals who did not have [identification]." Notably, the officer conceded that, at no point, did he observe Ioannides serve alcohol to anyone while he was inspecting the premises and that he was instructed to write the summonses by his supervising officer.

Ioannides testified that he did not sell alcoholic beverages to any underage individuals on the premises. He explained that the petitioner used a system where only individuals 21 years or older were given wristbands upon entry to the club and that he sold alcohol only to individuals with wristbands. Ioannides also testified that, even if a patron has a wristband, he would decline to serve the individual alcoholic beverages if he or she appeared to be under 21 years of age. It is undisputed that the six summonses that were issued to Ioannides were dismissed in Criminal Court.

One of the petitioner's principals, Nikitas Dallaris, testified that he was present at the club on the night in question. He stated that there were six security officers working that night. Dallaris testified that prospective patrons are asked for identification at the entrance and that the identification is scanned by a machine. Anyone without identification is prohibited from entry. Those over 21 are issued wristbands and

the bartenders are instructed not to sell to anyone without a wristband.

In a report dated October 25, 2007, the ALJ found Officer Chowdhury's testimony credible and sustained charges 1 and 2: that the petitioner sold an alcoholic beverage to a minor, and failed to exercise adequate control of the licensed business. The ALJ stated:

> "[The] [l]icensee permitted the consumption of [alcoholic] beverages, however obtained, by [patrons under the age of 21]. Moreover, [the] [l]icensee's own witness Ioannides admitted in his testimony that the 'wristband' system, the supposed protection against under age drinking at the [l]icensed [p]remises, was not foolproof . . . . Moreover, it is undisputed that six (6) individuals, apparently under the age of 21, were unable to produce any form of governmentally issued identification upon [Officer] Chowdhury's request. In sum and substance, contrary to [the petitioner's] contention, the State has not only made a prima facie showing of violation per the [c]harges No. 1 and 2, but has borne its burden of proof in this matter, which [l]icensee has failed to rebut effectively."

Notably, the ALJ determined that there was no evidence to substantiate charge 3: that the petitioner suffered or permitted the premises to become disorderly in violation of section 106 (6) of the Alcoholic Beverage Control Law. The ALJ further determined that there was no evidence to sustain charge 4: that the petitioner allowed the premises to become disorderly by suffering or permitting an altercation to occur on the licensed premises in violation of Alcoholic Beverage Control Law § 106 (6). The respondent adopted the findings, sustained charges 1 and 2, and imposed a $7,000 civil penalty on petitioner.

The petitioner then commenced the instant CPLR article 78 proceeding alleging that the imposition of the penalty was "arbitrary, capricious, unreasonable, unsupported by substantial evidence, and not based upon a reasonable basis." The petitioner seeks an order annulling the determination of the respondent or in the alternative, modifying the punishment as excessive.

The petitioner contends that the respondent failed to establish a prima facie showing that the sales of alcoholic beverages had in fact been made by the petitioner to any individuals under the age of 21. The respondent argues that Officer Chowdhury's

testimony, together with the summonses issued on the night in question, confirmed that the petitioner had permitted the sale of alcoholic beverages to individuals under the age of 21 in violation of section 65 (1) of the Alcoholic Beverage Control Law. For the reasons set forth below, we disagree and find that the finding sustaining charges 1 and 2 is not supported by substantial evidence.

We note, at the outset, that it is "an inherent contradiction" to dismiss a charge that a licensee has "suffer[ed] or permit[ted]" the premises to become "disorderly" in violation of section 106 (6) of the Alcoholic Beverage Control Law while at the same time to find substantial evidence that the premises was allowed to become disorderly under 9 NYCRR 48.2. (*Matter of 47 Ave. B. E. Inc. v New York State Liq. Auth.*, 65 AD3d 33, 37 [1st Dept 2009].) In any event, we conclude that respondent's findings that petitioner sold alcoholic beverages to minors in violation of Alcoholic Beverage Control Law § 65 (1) and thus failed to exercise adequate supervision over the conduct of the licensed business in violation of 9 NYCRR 48.2 are not supported by substantial evidence.

"Judicial review of the determination made by an administrative agency . . . is limited to a consideration of whether that resolution was supported by substantial evidence upon the whole record." (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978].) Substantial evidence "is less than a preponderance of evidence" and requires only that there be enough "relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact." (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180.) Whether evidence is substantial is to be determined in the light of the record as a whole and involves a weighing of the quality and quantity of the proof. (*Id.* at 181-182.)

Subdivision (1) of section 65 of the Alcoholic Beverage Control Law states:

"No person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic beverages to

"1. Any person, actually or apparently, under the age of twenty-one years."

In a proceeding against a liquor licensee for selling alcoholic beverages to a minor, the burden of proof rests upon the SLA to establish by substantial evidence the age of the alleged minor at

the time of the alleged violation. (*Matter of West 151st St. Liq. Store v State Liq. Auth.*, 13 AD2d 731 [1st Dept 1961], *affd* 11 NY2d 678 [1962] [sale to 14-year-old boy].) It must also be shown that the beverage served was alcoholic; but in this connection, courts have noted as a matter of common knowledge that drinks of certain names and description are alcoholic beverages within the meaning of regulatory statutes. (*People v Leonard*, 8 NY2d 60 [1960].)

Likewise, in such a proceeding against a liquor licensee for selling an alcoholic beverage to a minor, there must also be proof of the delivery, or the permitting of delivery, of an alcoholic beverage to a minor. (*Matter of Sheibar v New York State Liq. Auth.*, 4 AD2d 442 [1st Dept 1957], *affd* 4 NY2d 984 [1958].) "In order to find that the licensee 'caused or permitted' the service or delivery of alcoholic beverages to a minor, the conduct must be 'open, observable and of such nature that its continuance could, by the exercise of reasonable diligence, have been prevented.' " (*See Matter of Park II Villa Corp. v New York State Liq. Auth.*, 141 AD2d 646, 647 [2d Dept 1988], quoting *Matter of 4373 Tavern Corp. v New York State Liq. Auth.*, 50 AD2d 855, 856 [2d Dept 1975].)

■ First, it is not established by substantial evidence that any of the individuals questioned by Officer Chowdhury were actually under the age of 21. Previous decisions by this Court establish that the age of an alleged minor must be proven by an official document or by the minor's own testimony. (*See Matter of New Stratford Rest. v New York State Liq. Auth.*, 257 AD2d 454 [1st Dept 1999] [where undercover officer's testimony that his partner, an undercover police cadet, was served an alcoholic beverage by restaurant's bartender without being asked for identification, together with cadet's driver's license and police identification card, showing that at time he was so served the cadet was under 21 years of age, constituted substantial evidence of restaurant's violation of Alcoholic Beverage Control Law § 65 (1)]; *Matter of Sue's Rendezvous of Westchester v New York State Liq. Auth.*, 177 AD2d 273 [1st Dept 1991] [finding that licensee had sold alcoholic beverages to underage persons as sufficiently supported by testimony of witnesses that they were under age 21, and that they were served alcoholic beverages by licensee without displaying proof of age].)

Here, in support of its burden to establish the age of the alleged minors, the respondent submitted the "face pages" of the summonses issued to the two individuals for "possession" and

"consumption" of alcohol by a minor. Scribbled on each of these summonses, apparently by Officer Chowdhury, is a notation of the alleged date of birth of each of the individuals. The respondent also submitted Officer Chowdhury's testimony that he examined each individual's license and determined that the individual was under the age of 21.

However, Officer Chowdhury returned the driver's licenses to each of the individuals and did not make a copy of either license. In other words, there is nothing in the record, neither an official document nor testimony from the alleged minors themselves, which corroborates the dates of birth scribbled on the summonses.

With respect to the six other individuals alleged to be underage, the only evidence that these individuals were under 21 years old was Officer Chowdhury's testimony that they were "apparently underage." Office Chowdhury's bare assertion that he thought the individuals *looked* underage, without more, does not constitute substantial evidence that the individuals were actually underage.

In any event, we find there is inadequate evidence in the record that any of the beverages possessed by the eight individuals questioned by Officer Chowdhury were alcoholic. Although Officer Chowdhury stated that he "smelled" the drinks in question and that they were alcoholic, he did not taste or conduct any field test of any of the drinks. He did not state the type of beverage he "smelled" nor did he identify a label on the beverage which would indicate that the beverage contained alcohol. The officer could not even identify the beverages in the unmarked containers as beer, wine or hard liquor. (*Cf. Matter of Midway Mgt. Group v New York State Liq. Auth.*, 201 AD2d 331 [1st Dept 1994] [substantial evidence sustained findings of SLA that disco had sold liquor to minors where several underage patrons identified beer they were served by brand name, one testified that she was served beer in a bottle, and several persons testified that underage patrons were served mixed alcoholic drinks].)

Further, it is uncontested that Officer Chowdhury, despite his entries to the contrary on the summonses issued to Ioannides that were affirmed under penalty of perjury, did not see any of the individuals served alcohol by any bartender on the prem-

ises.* Indeed, the respondent has presented no evidence that anyone connected with the licensed premises was aware of the alleged minors' presence in the premises, or knew, or should have known, that they were in possession of an alcoholic beverage. Indeed, the record does not even disclose whether any of the alleged underage individuals was wearing a "wristband" issued by the premises.

In *Matter of Dawson v New York State Liq. Auth.* (226 AD2d 876, 876 [3d Dept 1996]), the Third Department annulled a determination of the SLA for an alleged sale to a minor. The Court stated:

> "In this case, the only direct testimony implicating petitioner was given by a police officer who testified that, while he was outside the premises, he observed two minors drinking from bottles of beer. He was familiar with the two because they had previously been arrested. The officer observed them through a window from a distance of 12 to 15 feet. The officer admitted that he only saw the two minors drinking one bottle each and that he observed them for only a 'couple of minutes.' He also testified that the two were standing at a table located approximately 10 feet from the bar which was extremely crowded." (*Id.*)

The Court concluded that the evidence was "insufficient to justify the conclusion that petitioner knew, or should have known, of the manner in which the beer was obtained or that the beer obtained was ultimately intended for delivery to the minors for their consumption." (*Id.; see also Matter of 4373 Tavern Corp. v New York State Liq. Auth.*, 50 AD2d 855 [2d Dept 1975], *supra* [when there is no testimony as to how an alleged minor received an alcoholic beverage, and there is no proof that the licensee knew or should have known of the presence of the minor or of the delivery of the alcohol, there is no violation of section 65 of the Alcoholic Beverage Control Law].)

If anything, the quantum of proof, in the instant matter, is far less than that rejected by the Second Department in *4373 Tavern Corp.* The only direct testimony implicating the petitioner was given by a single police officer. Officer Chowdhury

---

* Officer Chowdhury signed below the statement, "I personally observed the commission of the offense charged above. False statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law. Affirmed under penalty of perjury."

testified that five minutes after entering the premises, he observed "a lot of individuals" that "appeared to . . . be underage" drinking unmarked containers of beverages. Officer Chowdhury further testified he issued six summonses to the bartender for "selling" alcohol to persons underage. However, Officer Chowdhury admitted that he did not personally observe anyone on the premises sell beverages to any underage individuals.

The respondent relies on *Matter of S & R Lake Lounge v New York State Liq. Auth.* (87 NY2d 206, 210 [1995]) for the proposition that a charge of violating section 65 (1) can be upheld for underage possession of alcoholic beverages, without proof of a direct sale, where the conduct "was open and observable and could have been prevented with reasonable diligence." As a general matter, we agree. However, in *S & R Lake Lounge*, there was strong circumstantial evidence that the illegal conduct was open and observable: the minor was admitted to the petitioner's premises without showing proof of age, he spent close to one hour inside and was observed walking around with, and drinking from, a beer bottle, he also attempted to bribe the doorman to admit his underage companions while his own proof of age was not checked by the petitioner at that point, and it was the petitioner's policy to serve at least one drink to each new customer as means of covering the cost of entertainment.

In the instant matter, the respondent has simply presented no evidence that the alleged conduct was "open and observable." There was no evidence concerning the manner in which the alleged minors obtained their drinks, the length of time that they were in possession of the drinks or their proximity to any of the petitioner's employees.

To the contrary, Nikitas Dallaris testified that there were six people working security on the night in question. The security guards were responsible for, among other things, checking identification and ensuring that no one under 21 was drinking an alcoholic beverage. Dallaris further testified that since minors were allowed on the premises, a wristband system was utilized to prevent underage drinking on the premises.

Therefore, because there is inadequate evidence that the petitioner suffered or permitted the sale of alcohol to underage individuals, the underlying basis for both charges, we conclude that neither charge can be sustained.

Accordingly, in this proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court,

New York County [Walter B. Tolub, J.], entered September 5, 2008), the petition, challenging the determination of respondent New York State Liquor Authority, dated May 20, 2008, which, upon a finding that petitioner violated Alcoholic Beverage Control Law § 65 (1) and Rules of the State Liquor Authority rule 54.2 (9 NYCRR 48.2), imposed a $7,000 civil penalty, should be granted and the determination annulled, without costs.

Tom, J. (dissenting). Because there is substantial evidence to support respondent's findings that petitioner establishment sold alcoholic beverages to minors in violation of Alcoholic Beverage Control Law § 65 (1) and failed to exercise adequate supervision over the conduct of the licensed business in violation of Rules of the State Liquor Authority rule 54.2 (9 NYCRR 48.2), I respectfully dissent and would confirm the agency's determination.

The record contains evidence that, on the night in issue, the police department received a call of underage drinking at petitioner's nightclub. The evidence further showed that a group of patrons who appeared to be under 21 years of age were observed at the bar on the licensed premises in possession of beverages in unmarked containers. From the odor, respondent's witness, Police Officer Adnan Chowdhury, determined that the beverages contained alcohol. Two patrons in the group, Paolo Curcio and Michael J. Marcone, produced driver's licenses showing them to be under age 21. Since Officer Chowdhury had observed them drinking the beverages, he issued two summonses to each of them for, respectively, the possession and the consumption of alcohol by a minor. Six other persons in the group could not produce valid proof of age and were directed to leave the premises by the officer, who then issued six summonses to the bartender for selling alcoholic beverages to minors. The officer testified that he observed these six patrons "drinking from glasses of an alcoholic beverage," and stated that it was his customary procedure to ascertain that a patron was consuming alcohol before issuing any summons in connection with its sale.

Petitioner contends, and the majority accepts, that respondent's proof is insubstantial because Officer Chowdhury did not observe anyone actually sell Curcio and Marcone the beverages they had in their possession. As to the six patrons who could not produce identification, petitioner argues that in the absence of any documentation of their respective ages, there is no proof that its bartender sold alcoholic beverages to underage drinkers. Indeed, as the record reflects, the charges against the bar-

tender for serving these individuals were dismissed because Officer Chowdhury failed to appear in Criminal Court.

Petitioner's witnesses testified that the establishment serves both alcoholic and nonalcoholic drinks and therefore admits persons under 21 years of age. Patrons who produce valid identification indicating they are at least 21 are issued wristbands that enable them to purchase alcoholic beverages. Even so, petitioner's bartenders do not serve patrons who appear to be under 21 without first obtaining valid proof of age.

It is settled that an administrative determination must be sustained if it is supported by substantial evidence upon the record as a whole (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]), which requires less than a preponderance of the evidence and may include hearsay testimony and circumstantial evidence (*see generally Matter of Café La China Corp. v New York State Liq. Auth.*, 43 AD3d 280, 280-281 [2007].) An administrative law judge is required to assess the credibility of witnesses and draw reasonable inferences, "and the courts may not weigh the evidence or reject the conclusion of the administrative agency where the evidence is conflicting and room for choice exists" (*id.* at 281).

The summonses issued to Curcio and Marcone establish, at a minimum, that two patrons under the age of 21 were in possession of alcoholic beverages and drinking those beverages on petitioner's premises and, thus, that "the Licensee sold, delivered or gave away, or permitted to be sold, delivered or given away, alcoholic beverages to a person or persons actually under the age of twenty-one years," as preferred in the first administrative charge. The record further supports the conclusion that by permitting the consumption of alcohol by minors to take place, "the Licensee failed to exercise adequate supervision over the conduct of the Licensed business," as specified in the second charge.

That deficient oversight did not result in the premises becoming disorderly so as to constitute a violation of Alcoholic Beverage Control Law § 106 (6) does not serve to obviate petitioner's failure to exercise adequate supervision to prevent the possession and consumption of alcoholic beverages by persons under 21 years of age. Although testimony was received that no person appearing to be less than 21 would be served without producing valid proof of age, six patrons observed drinking alcoholic beverages were ejected by Officer Chowdhury when they were unable to produce any identification, and two persons were issued sum-

monses when the driver's licenses they produced showed them to be underage. Thus, it is evident that the degree of oversight exercised by petitioner was not sufficient to prevent at least two, and apparently as many as eight, underage patrons from obtaining and consuming alcoholic beverages on the premises. Respondent's finding that these persons obtained their drinks as a result of petitioner's failure to exercise adequate supervision over the licensed premises so as to prevent violations of Alcoholic Beverage Control Law § 65 (1) is "a conclusion or ultimate fact" that may be reasonably extracted from the record (*300 Gramatan Ave. Assoc.*, 45 NY2d at 180) and thus constitutes sufficient evidence to support the determination. Further, Nikita Dallaris, one of the owners, testified that if a potential patron does not have an ID, he or she cannot get in. Yet there were six individuals on the premises who had no identification.

Accordingly, respondent's determination should be confirmed and the petition dismissed.

GONZALEZ, P.J., SWEENY AND RENWICK, JJ., concur with CATTERSON, J.; TOM, J., dissents in a separate opinion.

In this CPLR article 78 proceeding (transferred to this Court by order of Supreme Court, New York County, entered September 5, 2008), the petition, challenging the determination of respondent New York State Liquor Authority, dated May 20, 2008, is granted and the determination annulled, without costs.