■ In the Matter of MORRONE RESTAURANTS, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [999 NYS2d 71]—

In this proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Joan B. Lobis, J.], entered July 7, 2014), the petition unanimously granted, without costs, the determination of respondent New York State Liquor Authority, dated May 28, 2014, which, after a hearing, canceled petitioner's liquor license and imposed a $1,000 bond claim, annulled, and the underlying charges dismissed.

Respondent's determination sustaining charges that petitioner sold or provided or permitted the sale or provision of alcoholic beverages to an individual under the age of 21, in violation of Alcoholic Beverage Control Law § 65 (1), and failed to exercise adequate supervision over the conduct of the licensed business in violation of 9 NYCRR 48.2, is not supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). The two police officers who testified on respondent's behalf never saw the alleged minor's government-issued identification, they never entered the premises, and they never saw her drinking anything. Although respondent submitted police reports containing the alleged minor's purported date of birth, respondent did not submit a copy of her identification. Further, the alleged minor did not testify or provide a sworn statement attesting to her age or that she consumed any alcoholic beverages inside petitioner's establishment. In addition, petitioner's manager testified that the establishment had a multileveled system in place to check the identification of patrons, and that he remembered that the alleged minor had not been in the establishment on the night in question. Under the circumstances, respondent failed to provide substantial evidence to support the charges (*see Matter of 25-24 Café Concerto Ltd. v New York State Liq. Auth.*, 65 AD3d 260 [1st Dept 2009]; *Matter of Ridge, Inc. v New York State Liq. Auth.*, 257 AD2d 625 [2d Dept 1999]).

Given the foregoing determination, we need not reach petitioner's remaining argument regarding the imposed penalties. Concur—Sweeny, J.P., Andrias, Saxe, DeGrasse and Gische, JJ.