■ In the Matter of JAMES G. KARAS, INC., Petitioner, v. DONALD S. HOSTETTER et al., Constituting the State Liquor Authority, Respondents.—Proceeding under CPLR article 78 (transferred to this court) to annul a determination of the State Liquor Authority suspending petitioner's on-premises liquor license for a period of 10 days, with remission of the suspension in the event of payment of petitioner's $1,000 penalty bond within 30 days. Determination confirmed, and proceeding dismissed on the merits, without costs. The singular issue in this proceeding is whether there is substantial evidence to support the Authority's determination that petitioner violated subdivision 1 of section 65 of the Alcoholic Beverage Control Law. Under that "prohibited sales" section, "No person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic beverages to 1. Any minor, actually or apparently, under the age of eighteen years". The minor involved in this proceeding was proved to be under the age of 18 years at the time of the violation; she was 17 years and 11 months. It was proved that she entered petitioner's premises with a girl friend, went to the back room for dancing in a college-type crowd atmosphere and consumed portions of two bottles of beer brought to her by male dancing partners. Petitioner argues in mitigation of the violation that the premises were crowded; that a jukebox was playing and dancing was going on all the time; that no direct sale was made to the minor; and that she was never at the bar. It is also urged, although there is sharp conflicting testimony on this point, that the minor used a false birth certificate to gain admission to the premises. Petitioner places reliance on *Matter of Sheibar* v. *New York State Liq. Auth.* (4 A D 2d 442, 443, affd. 4 N Y 2d 984). Its critical passage is: "In summary, the evidence showed that three sailors in the attire of the United States Navy came into the licensed premises. Two of them sat at a table while one went to the bar and brought back three bottles of beer. Of the two who remained at the table, one was 17 years and 10 months old at the time. We have heretofore expressed our agreement with the Authority's concern regarding the sale to underaged minors and have reiterated that 'under the regulatory statute intent or knowledge on the part of the licensee is immaterial, in order to provide increased protection for the young'. (*Matter of Erin Wine & Liq. Store* v. *O'Connell,* 283 App. Div. 443, 447, affd. 307 N. Y. 768.) Under the circumstances herein (including, among others, the crowded premises and lack of any contact between the minor and the bartender) an appraisal of the

entire record convinces us that there is absent any proof — other perhaps than a mere scintilla or a thin speculation—of the delivery, or the permitting of the delivery, of an alcoholic beverage to the minor. Hence, a conclusion that section 65 of the Alcoholic Beverage Control Law had been violated was not a reasonable inference from the facts." There the First Department found that it was speculative whether a violation had occurred; here the evidence is uncontroverted that the violation occurred. Additionally, *Matter of Beverly Lanes* v. *Rohan* (11 N Y 2d 909, revg. 12 A D 2d 156) is a case where similar mitigating factors were urged to upset a State Liquor Authority determination. The Court of Appeals rejected these factors and held to the strict letter of the statute. Section 65 uses very plain language and when the violation is proved with substantial evidence the courts may not substitute their judgment for that of the Authority. Christ, Acting P. J., Brennan, Rabin, Benjamin and Martuscello, JJ., concur.