■  In the Matter of 4373 TAVERN CORP., Doing Business as LEE'S

TAVERN, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated May 13, 1975, which, after a hearing, suspended petitioner's special on-premises liquor license for a period of 20 days. Determination annulled, on the law, and charges dismissed, without costs. In June, 1974, by a notice of pleading and hearing, respondent alleged that the petitioner licensee had violated section 65 of the Alcoholic Beverage Control Law in that "it sold, delivered or gave away, or permitted to be sold, delivered or given away, alcoholic beverages to a minor and or minors actually or apparently under the age of eighteen years on February 18, 1974." After the close of the hearing, the hearing officer made a summary and statement of his findings in which he held that the charge had not been sustained by the evidence. On May 7, 1975, this finding was reversed by respondent, which held that substantial evidence existed in the record to sustain the charge. Subsequently, on May 13, 1975, respondent issued the order under review which suspended petitioner's license. Upon this record, the determination upon which the suspension is based was unsupported by evidence warranting a finding that petitioner violated the above-cited statute. In order to find a licensee guilty of such "suffering or permitting" the conduct must be open, observable and of such nature that its continuance could, by the exercise of reasonable diligence, have been prevented (Matter of Migliaccio v O'Connell, 307 NY 566; Matter of Cat & Fiddle v State Liq. Auth., 24 AD2d 753; Matter of Baldwin Bar & Grill v State Liq. Auth., 31 AD2d 618). The only direct, nonhearsay testimony given at the hearing which inculpated petitioner was given by the minor, who testified that she had taken a sip of her friend's beer. There was further testimony by the minor that she did not go to the bar, and that she had remained in the premises for only a few minutes. Under these circumstances, there was no proof that petitioner knew or should have known of the presence of the minor or of the delivery of the beer to her (see Matter of Sheibar v New York State Liq. Auth., 4 AD2d 442, affd 4 NY2d 984; cf. Matter of Beverly Lanes v Rohan, 11 NY2d 909). Rabin, Acting P. J., Martuscello, Latham, Margett and Munder, JJ., concur.