■ In the Matter of PARK II VILLA CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the

New York State Liquor Authority, dated April 22, 1987, which, after a hearing, suspended the petitioner's liquor license for 10 days.

Adjudged that the petition is granted, the determination is annulled, on the law, and the charges are dismissed, with costs.

The respondent New York State Liquor Authority alleged that the petitioner had violated Alcoholic Beverage Control Law § 65 in that it "sold, delivered or gave away or permitted to be sold, delivered, or given away, alcoholic beverages to a person or persons under the age of twenty-one years" (see, Alcoholic Beverage Control Law § 65 [1]). The evidence adduced at the hearing—which was supplied in pertinent part by the minor to whom the alcoholic beverage was allegedly provided—revealed that the minor involved was standing for 10 to 15 minutes approximately 10 feet from the bar in a tavern sipping a cup of beer which had been given to her by a friend. No testimony was adduced with respect to the manner in which the minor's friend obtained the beer. Nor did the minor's friend testify at the hearing.

After a hearing, the Administrative Law Judge found that the petitioner "must be deemed to have permitted the delivery or giving away of an alcoholic beverage" to a minor inasmuch as the minor "was 10 feet from the bar counter during the 10 to 15 minutes that she was holding and sipping from the cup of beer in her hand". Subsequently, the respondent adopted the findings of the Administrative Law Judge and sustained the charge, imposing a 10-day suspension of petitioner's license as a penalty. The petitioner contends that respondent's determination is unsupported by substantial evidence in the record in that there are "no facts justifying the conclusion that the petitioner knew or should have known that the minor was about to take a few sips of beer on the single occasion involved". We agree.

In order to find that the licensee "caused or permitted" the service or delivery of alcoholic beverages to a minor, the conduct must be "open, observable and of such nature that its continuance could, by the exercise of reasonable diligence, have been prevented" (Matter of 4373 Tavern Corp. v New York State Liq. Auth., 50 AD2d 855, 856; Matter of Cat & Fiddle v State Liq. Auth., 24 AD2d 753).

In the instant case, the only direct testimony given at the hearing which inculpated the petitioner was given by the minor herself, who testified that while standing approximately

10 feet away from the bar, she had taken a few sips of the beer her friend had given her. The record lacks evidence, however, to establish that the petitioner knew, or should have known, of the manner in which the beer was obtained by the minor's friend or that the beer obtained was ultimately intended for delivery to the minor for her consumption. In light of the foregoing, we conclude that the respondent's determination was unsupported by substantial evidence in the record and therefore must be annulled (see, Matter of 4373 Tavern Corp. v New York State Liq. Auth., supra, at 856). Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.