■ In the Matter of PANACEA TAVERN, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated December 1, 1987, which, after a hearing, suspended the petitioner's liquor license for 30 days, 20 days forthwith and 10 days deferred, and imposed a $1,000 bond claim.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the determination with respect to the charge alleging a violation on November 29, 1986, and the penalty imposed with respect to that charge is annulled, that charge is dismissed, and the penalty imposed with respect to the violation which occurred on October 19, 1986 is annulled, the determination is otherwise confirmed, the proceeding is otherwise dismissed, without costs or disbursements, and the matter is remitted to the respondent for the imposition of a new penalty with respect to the violation of October 19, 1986.

Following an administrative hearing, the respondent New York State Liquor Authority adopted the findings of its Hearing Officer and determined that the petitioner committed two violations of Alcoholic Beverage Control Law § 65 (1), in that it sold, delivered or gave away or permitted to be sold, delivered, or given away, alcoholic beverages to a person under the age of 21 years on October 19, 1986 and November 29, 1986. Based on our review of the record, we find the respondent's determination that the petitioner sold an alcoholic beverage to a minor on October 19, 1986 to be supported by substantial evidence *(see,* CPLR 7803 [4]). Although conflicting evidence was adduced at the hearing from an undercover police officer who witnessed the purchase, and the underage patron, the respondent's assessment of the credibility of witnesses and the inferences to be drawn from the evidence presented are conclusive where supported by substantial evidence *(Matter of Di Maria v Ross,* 52 NY2d 771, 772; *Matter of Avon Bar & Grill v O'Connell,* 301 NY 150).

With respect to the alleged violation of November 29, 1986, however, we find the respondent's determination that the petitioner caused or permitted the service or delivery of an

alcoholic beverage to a minor to be unsupported by substantial evidence. In order to find that a licensee "caused or permitted" the service or delivery of alcoholic beverages to a minor, the conduct must be " 'open, observable and of such nature that its continuance could, by the exercise of reasonable diligence, have been prevented' *(Matter of 4373 Tavern Corp. v New York State Liq. Auth.,* 50 AD2d 855, 856; *Matter of Cat & Fiddle v State Liq. Auth.,* 24 AD2d 753)" *(Matter of Park II Villa Corp. v New York State Liq. Auth.,* 141 AD2d 646, 647). The only direct testimony given at the hearing which inculpated the petitioner was given by the minor herself, who testified she was sitting at a table approximately 20 feet away from the bar, with her view of the bartender blocked by a friend's head, when a young man she had never met before placed a drink in front of her. There was no testimony with respect to the manner in which the young man obtained the drink, and he did not testify at the hearing. The record therefore lacks substantial evidence to establish that the petitioner knew, or should have known, of the manner in which the drink was obtained by the young man, or that it was ultimately intended for delivery to the minor for her consumption, and thus this portion of the determination must be annulled *(see, Matter of Park II Villa Corp. v New York State Liq. Auth., supra; Matter of 4373 Tavern Corp. v New York State Liq. Auth., supra,* at 856). To the extent that *Matter of James G. Karas, Inc. v Hostetter* (29 AD2d 947) and any other case of this court holds to the contrary, they are overruled.

In light of our determination, we remit this matter to the respondent for the imposition of a new penalty on the one charge which has been upheld. Mangano, J. P., Spatt and Harwood, JJ., concur.

Lawrence, J., concurs in the result on constraint of *Matter of Park II Villa Corp. v New York State Liq. Auth.* (141 AD2d 646).