■ In the Matter of AUSTIN LEMONTREE, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated February 16, 1988, which, after a hearing, found the petitioner guilty of the sale of alcoholic beverages to a minor and suspended the petitioner's liquor license for 10 days.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The determination of the New York State Liquor Authority that the petitioner violated Alcoholic Beverage Control Law § 65 by selling, delivering or giving away or causing or permitting or procuring to be sold, delivered or given away alcoholic

beverages to a person under the age of 21 years is supported by substantial evidence. The minor's presence three feet from the bar where 4 or 5 bartenders were working when the drink was purchased for, and given to, the minor was sufficient to support the conclusion that the petitioner's illegal conduct was "open, observable and of such nature that its continuance could, by the exercise of reasonable diligence, have been prevented" *(Matter of 4373 Tavern Corp. v New York State Liq. Auth.,* 50 AD2d 855, 856; *Matter of Cat & Fiddle v New York State Liq. Auth.,* 24 AD2d 753; *Matter of Park II Villa Corp. v New York State Liq. Auth.,* 141 AD2d 646; *cf., Matter of Panacea Tavern v New York State Liq. Auth.,* 144 AD2d 562).

The penalty imposed, a 10-day suspension of the petitioner's liquor license, is not so disproportionate to the offense as to be shocking to our sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Brown, J. P., Rubin and Spatt, JJ., concur.

Lawrence, J. dissents and votes to grant the petition, annul the determination, on the law, and vacate the penalty imposed, with costs, with the following memorandum decision in which Kooper, J., concurs: The respondent New York State Liquor Authority alleged that the petitioner had violated Alcoholic Beverage Control Law § 65 in that it sold, delivered or gave away or permitted to be sold, delivered or given away alcoholic beverages to a person or persons under the age of 21 years *(see,* Alcoholic Beverage Control Law § 65 [1]). The competent evidence adduced at the hearing, which was supplied exclusively by the minor to whom the alcoholic beverage was allegedly provided, disclosed that the minor was approximately three feet from the bar counter in the establishment when she received a drink from an unidentified male patron who had offered to buy her a drink. No further testimony was adduced with respect to the manner in which the unidentified male patron obtained the drink. Nor did the male patron testify at the hearing.

In view of the position taken by this court in *Matter of Panacea Tavern v New York State Liq. Auth.* (144 AD2d 562), *Matter of Park II Villa Corp. v New York State Liq. Auth.* (141 AD2d 646), and *Matter of 4373 Tavern Corp. v New York State Liq. Auth.* (50 AD2d 855, 856), I must conclude that the record herein lacks substantial evidence to establish that the petitioner knew or should have known, of the manner in which the drink was obtained by the male patron, or that it

was ultimately intended for delivery to the minor for consumption.