■ In the Matter of BENNIGAN'S OF NEW YORK, INC., Appellant, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated August 4, 1988, which, after a hearing, found that the petitioner had violated Alcoholic Beverage Control Law § 65 (1) and imposed a penalty.

Adjudged that the petition is granted, the determination is annulled, on the law, with costs, and the charges are dismissed.

Following an administrative hearing, the respondent New York State Liquor Authority adopted the findings of its Hearing Officer and determined that the petitioner violated Alcoholic Beverage Control Law § 65 (1), in that it sold, delivered or gave away or permitted to be sold, delivered, or given away, alcoholic beverages to a person under the age of 21 years on August 22, 1987. Upon our review of the record, however, we find this determination to be unsupported by substantial evidence.

In order to find that a licensee has "caused or permitted" the service or delivery of alcoholic beverages to a minor, the conduct must be "open, observable and of such nature that its continuance could, by the exercise of reasonable diligence, have been prevented" *(Matter of 4373 Tavern Corp. v New*

*York State Liq. Auth.,* 50 AD2d 855, 856, citing *Matter of Migliaccio v O'Connell,* 307 NY 566; *Matter of Cat & Fiddle v State Liq. Auth.,* 24 AD2d 753; *Matter of Austin Lemontree v New York State Liq. Auth.,* 147 AD2d 476).

In the instant case, the record establishes that a minor was seated at a table 15 feet away from the bar in the petitioner's crowded premises, which consisted of a restaurant and bar, when her boyfriend, who was over the age of 21, purchased a mixed drink and delivered it to her. The minor did not go to the bar herself, and uncontroverted testimony established that she was blocked from the bartender's view by a crowd three people deep surrounding the bar. In addition, the minor was in the licensed premises for no more than 20 minutes, and had consumed only two sips of the mixed drink before she was approached by undercover officers. The record therefore lacks substantial evidence to establish that the petitioner knew, or should have known, of the delivery of the mixed drink to the minor, or that the delivery could have been prevented by the exercise of reasonable diligence *(see, Matter of 4373 Tavern Corp. v New York State Liq. Auth.,* 50 AD2d 855, 856, *supra; Matter of Park II Villa Corp. v New York State Liq. Auth.,* 141 AD2d 646, 647; *Matter of Panacea Tavern v New York State Liq. Auth.,* 144 AD2d 562, 563). Thompson, J. P., Rubin, Sullivan and Rosenblatt, JJ., concur.