■ In the Matter of PANACEA TAVERN, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated September 22, 1988, which, after a hearing, found the petitioner guilty of permitting an alcoholic beverage to be delivered or given to a minor and suspended the petitioner's retail liquor license for 15 days (deferred) and imposed a $1,000 bond forfeiture.

Adjudged that the petition is granted, the determination is

annulled, on the law, with costs, and the charges are dismissed.

The respondent New York State Liquor Authority charged the petitioner with violating Alcoholic Beverage Control Law § 65 in that it "sold, delivered or gave away, or permitted to be sold, delivered or given away, alcoholic beverages to a person or persons actually under the age of twenty-one years".

At the hearing, the minor testified that she "snuck in[to]" the petitioner's establishment while the petitioner's employees were busy verifying the age of other patrons at the door. She remained at a table while her companion, who did not testify, went behind a partition separating the tables from the bar area and purchased an alcoholic beverage which he then gave to her. After tasting the drink, she stopped in the restroom and then at the bar for a moment to give a woman a cigarette. She stated that she may have put her glass on top of the bar while she retrieved the cigarette from her purse.

Although an undercover police officer testified that she had observed the minor purchase a drink from the bartender, the Administrative Law Judge discredited her testimony and instead believed the minor's testimony that she never purchased an alcoholic beverage. The Judge found the respondent guilty of the charge, however, on the grounds that (1) the petitioner's employees did an inadequate job of verifying the ages of patrons since the minor was able to enter the bar, (2) the minor appeared to be underage and, (3) the minor's conduct, once inside the bar area, was open and observable. Subsequently, the respondent adopted the findings of the Administrative Law Judge and sustained the charge, imposing a 15-day suspension of the petitioner's license and a $1,000 bond forfeiture as a penalty. The petitioner contends that the respondent's determination is unsupported by substantial evidence. We agree.

"In order to find that the licensee 'caused or permitted' the service or delivery of alcoholic beverages to a minor, the conduct must be 'open, observable and of such nature that its continuance could, by the exercise of reasonable diligence, have been prevented' *(Matter of 4373 Tavern Corp. v New York State Liq. Auth.,* 50 AD2d 855, 856; *Matter of Cat & Fiddle v State Liq. Auth.,* 24 AD2d 753)" *(Matter of Park II Villa Corp. v New York State Liq. Auth.,* 141 AD2d 646, 647).

The record reveals that the minor surreptitiously entered the petitioner's establishment, was given a drink out of the view of any of the petitioner's employees and merely stopped

by the bar for a few moments. Based on the record before us, we cannot agree that such conduct was " ' "open, observable and of such nature that its continuance could, by the exercise of reasonable diligence, have been prevented" ' ". The respondent's determination was unsupported by substantial evidence in the record and therefore must be annulled *(Matter of Panacea Tavern v New York State Liq. Auth.,* 144 AD2d 562, 563, quoting *Matter of Park II Villa Corp. v New York State Liq. Auth., supra,* at 647; *cf., Matter of Austin Lemontree Inc. v New York State Liq. Auth,* 147 AD2d 476, *affd* 74 NY2d 869).

We do not reach the petitioner's remaining contentions in light of our determination. Brown, J. P., Eiber, Harwood and Rosenblatt, JJ., concur.