■ M.D.M. TAVERN CORP., Doing Business as DORNEY & MALONES, Appellant, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Order and judgment (one paper) of the Supreme Court, New York County (Jawn A. Sandifer, J.), entered on August 10, 1988, dismissing petitioner's CPLR article 78 pro-

ceeding brought to annul respondent's determination, dated May 4, 1988, which found that petitioner had violated Alcoholic Beverage Control Law § 65 by selling alcoholic beverages to minors and suspended its on-premises liquor license for 25 days and ordered a $1,000 bond forfeiture, unanimously affirmed, without costs or disbursements.

We find the Hearing Officer's findings—adopted by respondent—crediting the testimony of several witnesses to the effect that petitioner allowed minors to purchase alcoholic beverages on April 24, 1986, October 26, 1986 and December 26, 1986, to be supported by substantial evidence. Thus, this finding may not be disturbed by this court. (Matter of Panacea Tavern v New York State Liq. Auth., 144 AD2d 562.) Nor do we find any violation of administrative due process. Respondent's denial of petitioner's request to controvert the ALJ's findings, made some three months after the ALJ's decision and one month after respondent adopted such findings, did not deprive petitioner of due process. (See, e.g., Matter of Heiss v Duffy, 149 AD2d 902.)

Additionally, the penalty imposed was not so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness. (See, Matter of Heiss v Duffy, supra; Matter of Kelly v Duffy, 144 AD2d 792; Matter of 596 Main St. Corp. v New York State Liq Auth., 141 AD2d 643.)

We have considered petitioner's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro and Rosenberger, JJ.