In the Matter of HARRY'S CHENANGO WINE AND LIQUOR, INC., Petitioner, v STATE LIQUOR AUTHORITY OF NEW YORK et al., Respondents.—Yesawich, Jr., J.

On July 27, 1987, a Chenango Valley State Park police officer in Broome County responded to a report from a park employee that a young man, 17 years of age, lay unconscious on the side of a road within the park's boundaries. The officer attended to the youth and then phoned the latter's parents, who subsequently arrived on the scene. The father noticed that his son's bicycle was missing. Eventually, the officer and a State Trooper assisting him apprehended Charles Seeley, who was riding the missing bike just outside the park entrance. Seeley, who was apparently intoxicated, produced a military identification card which indicated his date of birth as May 29, 1968. As Seeley was only 19 years old and believed to be intoxicated, he was charged with consuming alcohol in a State Park, in violation of a State Park ordinance. Two days later the officer took Seeley to the State Park Police Department and, after he had been read his Miranda rights, Seeley gave park officials a statement, sworn under penalty of perjury, in which he detailed the location of the store, whose name he did not know, where he purchased the alcohol, the price he paid for the two bottles of whiskey and described the clerk who assisted him. He further stated that the clerk never asked him for identification.

Respondent State Liquor Authority (hereinafter respondent) commenced proceedings to suspend petitioner's on-premises liquor license for selling an alcoholic beverage to a person actually under the age of 21 years (see, Alcoholic Beverage

Control Law § 65 [1]). At the ensuing hearing, respondent, having been unsuccessful in its attempt to serve Seeley a subpoena, introduced Seeley's sworn statement into evidence. The State Park police officer testified to taking Seeley's statement, and that both Seeley's identification and oral statements indicated that he was under the legal age to purchase alcohol. Both petitioner and his clerk testified that they worked on the day in question, but did not remember Seeley ever entering the store. Moreover, the clerk stated that she always requires either a Sheriff's identification card or a picture driver's license before she sells liquor to anyone whom she believes to be under 30 years of age.

Following the hearing, the Administrative Law Judge sustained the charge; respondent adopted this determination and suspended petitioner's liquor license for 15 days. Petitioner then commenced the instant CPLR article 78 proceeding in which it contends that respondent's determination is not supported by substantial evidence. We disagree.

Although respondent's determination is based almost entirely upon hearsay evidence, such evidence is admissible in administrative proceedings and may, if sufficiently relative and probative, constitute substantial evidence (see, People ex rel. Vega v Smith, 66 NY2d 130, 139; see also, 9 NYCRR 54.4 [c] [1]). Moreover, given that New York has abolished the "legal residuum" rule (People ex rel. Vega v Smith, supra), under the appropriate circumstances statements from absent witnesses may form the sole basis for an agency's ultimate determination (see, Matter of Gray v Adduci, 73 NY2d 741, 742).

Here, Seeley's statement is sufficiently probative and relevant to qualify as substantial evidence. Being a declaration against Seeley's penal interest, in that he admitted furnishing liquor to the 17-year-old boy (see, Penal Law § 260.20 [4]), the statement is inherently trustworthy (see, Fisch, New York Evidence § 891, at 519 [2d ed]). Furthermore, although Seeley was unable to identify by name the liquor store where he purchased the whiskey for $11.83, a price which petitioner conceded was approximately correct, Seeley's statement describes with specificity the store and the clerk who assisted him (see, People ex rel. Vega v Smith, supra, at 140). Inasmuch as his description of the clerk was fairly accurate and detailed, the fact that Seeley underestimated the clerk's age and erroneously referred to her glasses as being "black rimmed" does not render Seeley's statements untrustworthy.

Finally, we note that petitioner made no request to have a

subpoena issued to secure Seeley's presence at the hearing despite his right to do so *(see,* State Administrative Procedure Act § 304 [2]; *see also, Matter of Gray v Adduci, supra,* at 743).

Determination confirmed, and petition dismissed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.