■ In the Matter of THOMAS M. VITAGLIANO et al., Appellants, v STATE OF NEW YORK LIQUOR AUTHORITY, Respondent. —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated June 21, 1989, which, after a hearing, suspended the petitioner's off-premises beer license for a period of 15 days deferred.

Adjudged that the petition is granted, on the law, without costs or disbursements, the determination is annulled, and the charge is dismissed.

The New York State Liquor Authority (hereinafter the Authority), in April 1988 commenced a proceeding to revoke the petitioners' off-premises license on the following charge: "That on August 29, 1987 in violation of subdivision 1 of Section 65 of the Alcoholic Beverage Control Law, the licensee sold, delivered or gave away, or permitted to be sold, delivered or given away, alcoholic beverages to a person or persons actually under the age of twenty-one years". The petitioner requested a hearing at which it presented testimony in support of its affirmative defense that the alcoholic beverages in question served on that date were served in reasonable reliance upon a Washington State photo driver's license provided by the minor (see, Alcoholic Beverage Control Law § 65 [4]). The driver's license indicated that the minor was 22 years old when in fact he was only 19. The Administrative Law Judge found that the charge should be sustained. He concluded that the reliance of two employees on duty on "a totally unfamiliar out-of-State driver's license cannot be held as to have been reasonable". He stated that at a minimum, some additional identification should have been required, since the proposed purchaser appeared youthful. Thereafter the New York State Liquor Authority adopted those findings and sustained the charge. It was determined that the petitioner's license should be suspended for a period of 15 days, deferred. The petitioner subsequently commenced this proceeding to challenge that determination.

Upon judicial review of a determination rendered by an administrative body after a hearing, the issue presented for

the court's consideration is limited to whether that determination is supported by substantial evidence upon the entire record (see, CPLR 7803 [4]; see, Matter of Purdy v Kreisberg, 47 NY2d 354, 358; 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 181). Upon our review of the record we find that the determination that the licensee violated Alcoholic Beverage Control Law § 65 (1) was not supported by substantial evidence. The testimony adduced at the hearing established that on the evening in question, two police officers were stationed outside the petitioners' premises and were able to observe any sales being made through the use of binoculars. One of the officers testified that he observed the employees on duty obtaining proof of age of all individuals who tried to purchase alcoholic beverages and appeared to be underage. Furthermore, the officer testified that he followed four or five youthful looking individuals who had purchased beer, but that each turned out to be over the age of 21. Christopher Hesse, one of the employees on duty, testified that he was in doubt as to whether the purchaser at issue was 21 years old and asked to see some identification. In response, the purchaser showed a laminated Washington State photo driver's license which indicated that he was 22 years old. Glenn Sammon, the other employee on duty, testified that the license had boxes describing the purchaser's height, weight, hair color, and eye color. Sammon testified that the license had the seal of Washington State on it and that after scrutinizing the license for 15 minutes he determined that it looked valid and sold the purchaser the beer. Absent any facts that would suggest that the license was fraudulently obtained or invalid, we conclude that the employees acted reasonably in relying on it in making their determination to sell beer to this particular individual. Accordingly, we find that the petitioner established the affirmative defense set forth in Alcoholic Beverage Control Law § 65 (4).

Alcoholic Beverage Control Law § 65 (4) states that "[i]n any proceeding pursuant to subdivision one of this section, it shall be an affirmative defense that such person had produced a photographic identification card *apparently* issued by a governmental entity or institution of higher education and that the alcoholic beverage had been sold, delivered or given to such person in reasonable reliance upon such identification" (emphasis supplied). The Administrative Law Judge, in holding that the employees should have asked for additional identification, in effect, required them to go beyond what the Legislature mandated. The law does not require that the photo

identification card be issued only by New York State or a local college. Accordingly, we find that the respondent's determination was not supported by substantial evidence in the record and therefore must be annulled *(see, Matter of Panacea Tavern v New York State Liq. Auth.,* 155 AD2d 601). Sullivan, J. P., Eiber, Miller and Ritter, JJ., concur.