■ In the Matter of SUE'S RENDEZVOUS OF WESTCHESTER, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Determination of the respondent New York State Liquor Authority dated March 16, 1991, which found petitioner guilty of certain charges, suspended petitioner's license for a period of thirty days, and imposed a $1,000.00 bond forfeiture, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [William Davis, J.], entered May 16, 1991), is dismissed, without costs and without disbursements.

There was substantial evidence adduced to support respondent's determination that petitioner sold alcoholic beverages to underaged persons, and permitted the premises to become disorderly. In particular, testimony of respondent's witnesses that they were under the age of 21, and that they were served alcoholic beverages by petitioner without displaying proof of age, was adequate to establish the violation of Alcoholic Beverage Control Law § 65 (1). Scientific evidence of the alcoholic content of the beverages sold to the witnesses was not required *(see generally, People v Leonard,* 8 NY2d 60), nor was it necessary that the witnesses present documentary proof of age at the hearing *(Koester v Rochester Candy Works,* 194 NY 92; *cf., Matter of 36 W. Main v New York State Liq. Auth.,* 285 App Div 756). In regard to the determination that petitioner permitted the premises to become disorderly, we discern no basis to interfere with the Hearing Officer's conclusion that respondent's witnesses were more credible than those of petitioner. *(M.D.M. Tavern Corp. v New York State Liq. Auth.,* 157 AD2d 559.) Nor, in the circumstances, was the penalty imposed unduly harsh. *(Supra.)* Concur—Sullivan, J. P., Milonas, Asch, Kassal and Smith, JJ.