■ ODETTE RESTAURANT CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [621 NYS2d 849] —Determination of respondent New York State Liquor Authority,

dated July 13, 1994, which imposed a penalty of·suspension of petitioner's liquor license for a total of forty days and a bond forfeiture of $1,000, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County, entered October 21, 1993) is dismissed, without costs.

Respondent Liquor Authority technically complied with the established regulatory notice requirements with respect to petitioner's request for an adjournment, extending its time to controvert the Administrative Law Judge's findings (see, 9 NYCRR 54.4 [g]; 52.4), and petitioner has demonstrated no reason why this Court should reward its lack of diligence and inquiry. The determination of the Administrative Law Judge was supported by substantial evidence, in light of the determination to credit the testimony of Officer Campbell, and assuming, arguendo, that the facts were as recited by petitioner's witnesses, the Administrative Law Judge's determination that the purchase of alcohol by or on behalf of the undercover officer, who was under the age of twenty-one years, was "open, observable and of such nature that its continuance could, by the exercise of reasonable diligence, have been prevented" is supported by substantial evidence (Matter of 4373 Tavern Corp. v New York State Liq. Auth., 50 AD2d 855, 856; see also, Matter of Panacea Tavern v New York State Liq. Auth., 155 AD2d 601, lv denied 75 NY2d 712). We also do not find the sanction imposed so disproportionate to the offense as to be shocking to one's sense of fairness (Matter of Pell v Board of Educ., 34 NY2d 222, 233). Concur—Ellerin, J. P., Ross, Rubin, Nardelli and Williams, JJ.