█ In the Matter of A.J. & TAYLOR RESTAURANT, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [625 NYS2d 623] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated March 28, 1994, which, after a hearing, suspended the petitioner's liquor license for 15 days and imposed a $1,000 bond claim.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The record contains substantial evidence to support the respondent's determination that the petitioner violated Alcoholic Beverage Control Law § 65 (1). Although the respondent relied on hearsay statements that minors purchased alcoholic beverages at the petitioner's establishment, hearsay evidence is admissible in administrative proceedings and may, if sufficiently probative, constitute substantial evidence. In addition, under appropriate circumstances, statements from witnesses absent from the hearing may form the sole basis for an agency's ultimate determination *(see, Matter of Gray v Adduci,* 73 NY2d 741; *Matter of Harry's Chenango Wine & Liq. v State Liq. Auth.,* 158 AD2d 804). Here, the statements of two minors that they purchased beer from the petitioner are sufficiently probative, and this evidence was not rebutted by the petitioner. Under these circumstances there was substantial evidence to support the respondent's determination *(see, Matter of Harry's Chenango Wine & Liq. v State Liq. Auth., supra).*

We reject the petitioner's contention that there was an unreasonable delay in commencing and conducting the administrative hearing as the record does not support the conclusion that the petitioner incurred substantial prejudice *(see,* State Administrative Procedure Act § 301 [1]; *Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, *cert denied* 476 US 1115).

Finally, in light of all the circumstances, the sanction imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board*

*of Educ.,* 34 NY2d 222, 233). Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.