OPINION OF THE COURT
Ciparick, J.
The question presented is whether respondent’s determination that petitioner violated Alcoholic Beverage Control Law § 65 (1) was supported by substantial evidence given the circumstantial proof in the record. We answer this question in the affirmative.
According to the findings of fact of the Administrative Law Judge (ALJ), which are not controverted in any material re *208 spect, on November 3,1990, Timothy Brown (age 19) picked up his friends, Richard Orsini (age 18) and James Louch (age 17), in his car at approximately 11:30 p.m. Brown had with him a container of wine from which all three began drinking. The trio unsuccessfully attempted to gain admittance to several bars before they entered one where Brown, who appeared older than the others, was able to buy beer. However, the beer was confiscated by the bartender when Brown tried to share it with his companions.
The party left this bar and proceeded to petitioner’s premises, a topless establishment, where Brown alone was admitted by the doorman based solely on his appearance. Orsini and Louch were turned away for failure to present proof of age and they remained outside in the car for the entire time Brown was inside, approximately 45 minutes to one hour. During this time, Orsini and Louch returned to the entrance and asked the doorman whether they could speak to Brown. Brown came to the doorway carrying the bottle of beer from which he was seen drinking. Brown endeavored to convince the doorman to admit his friends by offering him $20. The offer was rejected and Brown went back inside the premises. The doorman reported the incident to the manager, who noticed that Brown appeared intoxicated. The manager instructed the bartender not to serve Brown thereafter. No effort was made to verify Brown’s age.
Brown eventually rejoined his friends outside. By this time, all three were intoxicated. Brown began driving erratically and lost control of his vehicle, which struck an unknown object, killing Brown and injuring his passengers. A police officer later examined Brown’s personal effects and the contents of his wallet and found that all forms of identification bore his correct date of birth. No false identification was found.
Respondent charged petitioner with selling alcohol to a minor in violation of Alcoholic Beverage Control Law § 65 (1)* and commenced a proceeding to suspend petitioner’s license. A hearing was held on the charge before an ALJ. The ALJ concluded that it could be inferred that Brown obtained the beer inside petitioner’s premises, but because there was no direct proof concerning "the manner in which it was acquired,” there was no substantial evidence to support the charge. The *209 ALJ further noted that the door leading into the premises contained a sign stating "Charge is part of additional cost of first drink;” however, the record was silent as to whether Brown was charged an admission fee on the night in question.
Respondent reversed the findings and conclusion of the ALJ only insofar as the ALJ found that there was a failure to establish the charge by substantial evidence. Respondent imposed a 15-day suspension and $1,000 fine. Petitioner commenced this CPLR article 78 proceeding.
The Appellate Division, with one Justice dissenting, granted the petition, annulled the determination and dismissed the charge. The majority concluded that respondent’s determination was not supported by substantial evidence, because "[t]here was no evidence adduced at the hearing to establish that the petitioner knew or should have known the manner in which the deceased obtained the beer.” (209 AD2d, at 421.) The dissent opined that under the peculiar circumstances of this case, where the minor was deceased and his friends had no opportunity to observe him purchase the beer, "the determination depends perforce upon circumstantial evidence — but it is not for that reason unsound.” (209 AD2d, at 422.)
Respondent urges that its determination was supported by substantial evidence and should not have been disturbed. We agree and therefore reverse the judgment of the Appellate Division.
Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion’ ” (Matter of Kopec v Buffalo Brake Beam-Acme Steel & Malleable Iron Works, 304 NY 65, 71, quoting Edison Co. v Labor Bd., 305 US 197, 229). In order to establish a violation of Alcoholic Beverage Control Law § 65 (1), which prohibits sale or delivery of alcohol to a minor, there must be proof that the proscribed conduct was "open, observable and of such nature that its continuance could, by the exercise of reasonable diligence, have been prevented” (see, Matter of 4373 Tavern Corp. v New York State Liq. Auth., 50 AD2d 856, citing Matter of Migliaccio v O’Connell, 307 NY 566). Substantial evidence of a violation of section 65 (1) may be supplied by circumstantial proof that the illegal sale or delivery was open and observable (see, Matter of Austin Lemontree, Inc. v New York State Liq. Auth., 74 NY2d 869, affg for reasons stated in mem 147 AD2d 476).
In Austin Lemontree, the Appellate Division concluded that the minor’s presence just three feet away from the bar where *210 four or five bartenders were working at the time the drink was purchased for, and given to the minor, was sufficient to support the conclusion that the petitioner’s illegal conduct was open, observable and capable of prevention through the exercise of reasonable diligence (see, 147 AD2d, at 477). There, the dissenting Justices opined that the record lacked substantial evidence demonstrating that petitioner knew, or should have known, of the proscribed conduct, because there was no testimony concerning the manner in which the unidentified patron obtained the drink he delivered to the minor. In affirming for the reasons stated in the majority’s memorandum, we accepted the view that there was substantial evidence of a violation of section 65 (1) based on the circumstantial evidence present in that case.
. In the instant case, the deceased minor was admitted to petitioner’s premises without showing proof of age. He spent close to one hour inside and was observed walking around with, and drinking from, a beer bottle. He also attempted to bribe the doorman to admit his underage companions, yet his own proof of age was not checked by petitioner at that point. Finally, it was petitioner’s policy to serve at least one drink to each new customer as a means of covering the cost of entertainment.
On this record, it is reasonable to infer that the conduct proscribed by Alcoholic Beverage Control Law § 65 (1) was open and observable and could have been prevented with reasonable diligence. Respondent’s determination was thus based on substantial evidence, that is, " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion’ ” (Kopec, supra, at 71). Finally, direct nonhearsay testimony establishing the precise manner in which the minor obtained the alcoholic beverage (see, e.g., Matter of Panacea Tavern v New York State Liq. Auth., 144 AD2d 562; Matter of Park II Villa Corp. v New York State Liq. Auth., 141 AD2d 646) is not a prerequisite to establishing a violation of section 65 (1) where, as here, there is strong circumstantial evidence that the illegal conduct was open and observable (see, Lemon-tree, supra).
Accordingly, the judgment of the Appellate Division should be reversed, with costs, and the petition dismissed.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
Judgment reversed, etc.

 This section provides: "No person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic beverages to (1) Any person, actually or apparently, under the age of twenty-one years.”