■ In the Matter of RICHARD DAWSON, Doing Business as CAMELOT BAR, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [640 NYS2d 656] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Appellate Division, Second Department) to review a determination of respondent which, *inter alia*, suspended petitioner's on-premises liquor license.

Of the several charges filed by respondent against petitioner, one remains in issue. Respondent alleged that on October 13, 1990, petitioner violated Alcoholic Beverage Control Law § 65 (1) by selling, delivering or giving away alcoholic beverages to two persons under the age of 21 years. After a hearing, the Administrative Law Judge held that the charge had not been sustained. Respondent rejected this finding, sustained the charge, suspended petitioner's on-premises liquor license and imposed a $1,000 bond claim. Petitioner commenced this proceeding contending that respondent's determination is unsupported by substantial evidence. Supreme Court transferred the matter to the Second Department.

In order to find that the licensee "caused or permitted" the service or delivery of alcoholic beverages to a minor, the conduct must be "open, observable and of such nature that its continuance could, by the exercise of reasonable diligence, have been prevented" (*Matter of 4373 Tavern Corp. v New York State Liq. Auth.*, 50 AD2d 855, 856; *see, Matter of Park II Villa Corp. v New York State Liq. Auth.*, 141 AD2d 646). In this case, the only direct testimony implicating petitioner was given by a police officer who testified that, while he was outside the premises, he observed two minors drinking from bottles of beer. He was familiar with the two because they had previously been arrested. The officer observed them through a window from a distance of 12 to 15 feet. The officer admitted that he only saw the two minors drinking one bottle each and that he observed them for only a "couple of minutes". He also testified that the two were standing at a table located approximately 10 feet from the bar which was extremely crowded. This evidence is insufficient to justify the conclusion that petitioner knew, or should have known, of the manner in which the beer was obtained or that the beer obtained was ultimately intended for delivery to the minors for their consumption (*see, Matter of Panacea Tavern v New York State Liq. Auth.*, 144 AD2d 562; *Matter of Park II Villa Corp. v New York State Liq. Auth., supra; see also, Matter of Bennigan's of N. Y. v New York State Liq. Auth.*, 151 AD2d 747, *lv denied* 75 NY2d 703). In sum, the record lacks evidence that petitioner

knew or should have known that the minors were drinking on the single occasion involved, that the conduct was open and observable or that it could have been prevented by the exercise of reasonable diligence (*see, Matter of Bennigan's of N. Y. v New York State Liq. Auth., supra; Matter of Park II Villa Corp. v New York State Liq. Auth., supra; cf., Matter of S & R Lake Lounge v New York State Liq. Auth.*, 87 NY2d 206; *Matter of Austin Lemontree v New York State Liq. Auth.*, 147 AD2d 476, *affd* 74 NY2d 869). Accordingly, the determination is not supported by substantial evidence and must be annulled.

We do, however, reject petitioner's contention that respondent's conduct in pursuing the charge against petitioner was so egregious or frivolous as to warrant the imposition of sanctions.

Mercure, White, Casey and Spain, JJ., concur. Adjudged that the determination is annulled, with costs, and petition partially granted.