■ In the Matter of ONEONTA WATER STREET, LTD., Doing Business as MARGUERITAVILLE, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [719 NYS2d 389] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Otsego County) to review a determination of respondent which revoked petitioner's liquor license.

Petitioner's liquor license was revoked for violating Alcoholic Beverage Control Law § 65 (1), which provides that "[n]o person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic beverages to * * * [a]ny person, actually or apparently, under the age of twenty-one years." Specifically, the allegations in three notices of pleading and one supplemental notice of pleading which charged petitioner with providing alcoholic beverages to 10 underage patrons on various dates between September 3, 1996 and September 22, 1998 were sustained by an Administrative Law Judge following a hearing.* Respondent adopted the determination, prompting petitioner to commence this CPLR article 78 proceeding, transferred to this Court (see, CPLR

---

* One of the two charges contained in the supplemental notice of petition was dismissed by the Administrative Law Judge. Similarly, an additional notice of pleading containing allegations that petitioner served alcohol to a particular underage patron on March 21, 1997 was dismissed in its entirety. These dismissals were sustained by respondent.

7804 [g]), in which it contends that the determination is not supported by substantial evidence.

Upon our review of the record, we are eminently satisfied that substantial evidence supports respondent's determination that petitioner violated Alcoholic Beverage Control Law § 65 (1) (*see, Matter of S & R Lake Lounge v New York State Liq. Auth.*, 87 NY2d 206, 209; *Matter of S.T.A. of Fredonia v New York State Liq. Auth.*, 267 AD2d 1037). At the hearing, testimony was adduced from five police officers who conducted checks for underage drinking in petitioner's establishment and personally observed various of the 10 subject patrons order and/or drink alcoholic beverages. These police officers also confirmed that each of these individuals was, in fact, under the age of 21 years. There was also testimony from nine of the 10 subject patrons which unequivocally established that each was served and/or delivered and/or permitted to be sold or delivered an alcoholic beverage after either providing false identification at the door, not being asked for *any* identification before entering the establishment or before being served or after providing a license which indicated an age under 21 years.

Also admitted into evidence at the hearing were sworn written statements to police from five of the 10 subject patrons shortly after each was caught drinking in petitioner's establishment. In these statements, each admitted that he or she was served an alcoholic beverage after providing false identification or providing identification which indicated an age less than 21 or after not being asked for any identification at all, despite the fact that each was indeed under 21 years of age (*see generally, Matter of Harry's Chenango Wine & Liq. v State Liq. Auth.*, 158 AD2d 804). In short, this evidence provided the necessary substantial evidence to support the determination (*see, Matter of S & R Lake Lounge v New York State Liq. Auth., supra; Matter of S.T.A. of Fredonia v New York State Liq. Auth., supra; Matter of Eclipse Disco v New York State Liq. Auth.*, 176 AD2d 649; *cf., Matter of Dawson v New York State Liq. Auth.*, 226 AD2d 876).

We specifically reject petitioner's claims that there was insufficient evidence to prove that the beverages consumed by all 10 patrons actually contained alcohol or that it actually "delivered" alcoholic beverages to each of them. Nor are we persuaded that petitioner sustained its burden of proving the affirmative defense that, with respect to the three patrons who testified that they showed false identifications to gain access to the establishment, it reasonably relied upon these photographic identifications (*see,* Alcoholic Beverage Control Law § 65 [4];

*see also, Matter of Dark Horse Tavern v New York State Liq. Auth.*, 232 AD2d 947, 948; *cf., Matter of Murray v Division of Alcoholic Beverage Control*, 272 AD2d 962).

As to the penalty invoked—revocation of petitioner's liquor license with a two-year ban on relicensing and a $1,000 fine—it does not shock our sense of fairness and we decline to disturb it (*see, Matter of K T D Enters. v New York State Liq. Auth.*, 205 AD2d 938, 939, *lv denied* 84 NY2d 807). In addition to the numerous instances of serving underage patrons at issue in this proceeding, petitioner has two previous violations for selling liquor to minors (*see, e.g., Matter of Monessar v New York State Liq. Auth.*, 266 AD2d 123).

Mercure, J. P., Peters, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.