■ In the Matter of Joseph P. Ferlito, Doing Business as Buckhout Brewing Co., Petitioner, v New York State Liquor Authority, Respondent. [723 NYS2d 809] —Determination unanimously annulled on the law with costs and petition granted. Memorandum: The determination that petitioner violated Alcoholic Beverage Control Law § 65 (1) is not supported by substantial evidence. "In order to establish a violation of Alcoholic Beverage Control Law § 65 (1), which prohibits sale or delivery of alcohol to a minor, there must be proof that the proscribed conduct was 'open, observable and of such nature that its continuance could, by the exercise of reasonable diligence, have been prevented' " (*Matter of S & R Lake Lounge v New York State Liq. Auth.,* 87 NY2d 206, 209, quoting *Matter of 4373 Tavern Corp. v New York State Liq. Auth.,* 50 AD2d 855, 856). The only evidence supporting respondent's determination is the testimony of two police officers that a patron in petitioner's establishment admitted that he was 19 years old and that he was holding a mixed drink. There was no evidence concerning the manner in which the minor obtained the drink, the length of time that he was in possession of the drink, or his proximity to the bar and petitioner's employees. "In sum, the record lacks evidence that petitioner knew or should have known that [a] minor[ ] [was] drinking on the single occasion involved, that the conduct was open and observable or that it could have been prevented by the exercise of reasonable diligence" (*Matter of Dawson v New York State Liq. Auth.,* 226 AD2d 876, 876-877; *see, Matter of Panacea Tavern v New York State Liq. Auth.,* 144 AD2d 562, 563; *cf., Matter of S & R Lake Lounge v New York State Liq. Auth., supra*). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Onondaga County, Major, J.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Lawton, JJ.