■ In the Matter of S & S Pub, Inc., Doing Business as Dublin Pub, Appellant, v New York State Liquor Authority, Respondent. [852 NYS2d 804]—

Upon judicial review of a determination rendered by an administrative body following a hearing, this Court's function is limited to consideration of whether the determination is supported by substantial evidence (*see Matter of Lahey v Kelly*, 71 NY2d 135, 140 [1987]; *Matter of Alegre Deli v New York State Liq. Auth.*, 298 AD2d 581, 582 [2002]). The term "substantial evidence" has been held to be a "minimal standard" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 188 [1998]; *Matter of Café La China Corp. v New York State Liq. Auth.*, 43 AD3d 280 [2007]). Hearsay evidence is admissible in administrative proceedings, and may, if sufficiently relevant and probative, constitute substantial evidence (*see People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]; *Matter of Abdelrahman*

*v New York State Liq. Auth.*, 209 AD2d 405, 406 [1994]). Moreover, under appropriate circumstances, hearsay evidence may form the sole basis for an agency's ultimate determination (*see Matter of Gray v Adduci*, 73 NY2d 741, 742-743 [1988]; *Matter of Ridge, Inc. v New York State Liq. Auth.*, 257 AD2d 625, 626 [1999]; *Matter of A.J. & Taylor Rest. v New York State Liq. Auth.*, 214 AD2d 727 [1995]).

The determination of the respondent New York State Liquor Authority sustaining charges that the petitioner violated Alcoholic Beverage Control Law § 65 (1), which prohibits the sale of alcoholic beverages to persons under the age of 21, is supported by substantial evidence (*see Matter of 294 Grand Ave. Grocery Corp. v New York State Liq. Auth.*, 12 AD3d 521 [2004]; *Matter of Oneonta Water St. v New York State Liq. Auth.*, 279 AD2d 849, 850 [2001]; *Matter of Sue's Rendezvous of Westchester v New York State Liq. Auth.*, 177 AD2d 273; *cf. Matter of Vitagliano v State of N.Y. Liq. Auth.*, 174 AD2d 624 [1991]).

Additionally, the penalty imposed is not so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Cantina El Bukis Corp. v New York State Liq. Auth.*, 46 AD3d 557, 558 [2007]; *Matter of Oneonta Water St. v New York State Liq. Auth.*, 279 AD2d at 851; *Matter of Ira Wyman, Inc. v New York State Liq. Auth.*, 170 AD2d 991 [1991]). Rivera, J.P., Skelos, Santucci and Leventhal, JJ., concur.