In the Matter of STEVEN HEISLER, Petitioner, v THOMAS SCAPPATICCI et al., Respondents. [918 NYS2d 496]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Town Board of the Town of Harrison, acting in its capacity as the Board of Police Commissioners for the Town of Harrison, dated January 22, 2009, which, after a hearing, terminated the petitioner's employment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner commenced this CPLR article 78 proceeding to challenge a determination made by the respondent Town Board of the Town of Harrison (hereinafter the Town Board), acting in its capacity as the Board of Police Commissioners for the Town of Harrison, terminating his employment with the Town of Harrison Police Department. After transfer of the proceeding to this Court because of a substantial evidence issue raised by the petitioner, the petitioner filed a brief in which he has abandoned any substantial evidence claim (*see Matter of Ifill v Fischer*, 72 AD3d 1367, 1368 n [2010]; *Matter of Michaelides v Goord*, 300 AD2d 718, 719 n [2002]) and has focused, instead, on, inter alia, alleged procedural errors in the disciplinary hearing. These issues should have been determined in the first instance by the Supreme Court. However, we shall retain the matter in the interest of judicial economy and address the procedural questions that are raised (*see generally Matter of Davis v Roldan*, 54 AD3d 944 [2008]; *Matter of Jan V. v State of N.Y. Off. of Children & Family Servs.*, 38 AD3d 912 [2007]).

Contrary to the petitioner's contention, the Town Board properly admitted into evidence at the hearing videotaped statements made by individuals who witnessed the subject incident even though they did not testify at the hearing. "Hearsay is admissible in an administrative hearing and, if sufficiently relevant and probative, hearsay alone may constitute substantial

evidence" (*Matter of Bullock v State of N.Y. Dept. of Social Servs.*, 248 AD2d 380, 382 [1998]; *see Matter of Gray v Adduci*, 73 NY2d 741, 742 [1988]; *Matter of S & S Pub, Inc. v New York State Liq. Auth.*, 49 AD3d 654, 655 [2008]; *Matter of Gross v New York State Dept. of Health*, 277 AD2d 825 [2000]). "In addition, under appropriate circumstances, statements from witnesses absent from the hearing may form the sole basis for an agency's ultimate determination" (*Matter of A.J. & Taylor Rest. v New York State Liq. Auth.*, 214 AD2d 727, 727 [1995]; *see Matter of O'Hara v Brown*, 193 AD2d 564 [1993]).

Contrary to the petitioner's contention, two members of the Town Board were not precluded from making a final determination regarding his employment because the petitioner and seven other individuals commenced an unrelated lawsuit against them and four other individuals. The record indicates that the determination to terminate the petitioner's employment flowed from the evidence presented at the administrative hearing rather than any alleged bias (*see Matter of Warder v Board of Regents of Univ. of State of N.Y.*, 53 NY2d 186, 197 [1981], *cert denied* 454 US 1125 [1981]; *Matter of Pettus v New York State Dept. of Correctional Servs.*, 70 AD3d 1164 [2010]; *Matter of McComb v Reasoner*, 29 AD3d 795, 800 [2006], *affd* 48 AD3d 815 [2008]; *Matter of Sunnen v Administrative Rev. Bd. for Professional Med. Conduct*, 244 AD2d 790, 791 [1997]).

Furthermore, there is no merit to the petitioner's claim that the charges set forth in the administrative complaint provided insufficient notice of the conduct with which he was charged. Here, the disciplinary charges were "reasonably specific, in light of all the relevant circumstances, so as to apprise the party who is the subject of the hearing and to allow such party to prepare an adequate defense" (*Matter of Mangini v Christopher*, 290 AD2d 740, 743 [2002]; *see Matter of Block v Ambach*, 73 NY2d 323, 332 [1989]; *Matter of Gizzo v Town of Mamaroneck*, 36 AD3d 162, 168 [2006]).

Further, the penalty imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004]; *Matter of Ward v Juettner*, 63 AD3d 748 [2009]; *Matter of Gustafson v Town of N. Castle, N.Y.*, 45 AD3d 766, 767 [2007]).

The petitioner's remaining contentions are either unpreserved for appellate review or without merit. Prudenti, P.J., Rivera, Lott and Miller, JJ., concur.