◼ In the Matter of S & S Pub, Inc., Petitioner, v New York State Liquor Authority, Respondent. [971 NYS2d 464]—

Proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Liquor Authority dated May 3, 2012, as adopted the recommendation of an administrative law judge dated February 20, 2012, made after a hearing, sustaining two charges that the petitioner had violated Alcoholic Beverage Control Law § 65 (1), and imposed a civil penalty in the sum of $6,000.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Alcoholic Beverage Control Law § 65 provides, in relevant part, that: "[n]o person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic beverages to . . . [a]ny person, actually or apparently, under the age of twenty-one years."

" 'Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence' " (*Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth.*, 103 AD3d 648,

651 [2013], quoting *Matter of Albany Manor, Inc., v New York State Liq. Auth.*, 44 AD3d 759, 759 [2007]). Substantial evidence is "[m]ore than seeming or imaginary, it is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). " 'The standard demands only that a given inference is reasonable and plausible, not necessarily the most probable' " (*Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth.*, 103 AD3d at 652, quoting *Matter of Ridge Rd. Fire Dist. v Schiano*, 16 NY3d 494, 499 [2011] [citations omitted]).

Here, contrary to the petitioner's contention, the determination of the respondent, the New York State Liquor Authority, sustaining two charges that the petitioner violated Alcoholic Beverage Control Law § 65 (1), is supported by substantial evidence (*see Matter of JNJ Enters., Inc. v New York State Liq. Auth.*, 79 AD3d 750 [2010]; *Matter of S & S Pub, Inc. v New York State Liq. Auth.*, 49 AD3d 654, 655 [2008]; *Matter of 294 Grand Ave. Grocery Corp. v New York State Liq. Auth.*, 12 AD3d 521 [2004]).

In addition, the penalty imposed is not so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of S & S Pub, Inc. v New York State Liq. Auth.*, 49 AD3d at 655; *Matter of 294 Grand Ave. Grocery Corp. v New York State Liq. Auth.*, 12 AD3d at 522). Dillon, J.P., Roman, Miller and Hinds-Radix, JJ., concur.