Determination of respondents, dated October 27, 2011, finding petitioner in violation of Administrative Code of City of NY § 28-301.1, and imposing a penalty of $5,000, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Alexander W Hunter Jr., J.], entered May 15, 2012), dismissed, without costs.
The subject petition does not contest that a worker was killed in petitioner’s building when he fell from a scaffold into an elevator shaft, which was secured only by plastic sheeting. Since no substantial evidence question is raised, as the issues involve statutory interpretation, the matter should not have been transferred to this Court. However, in the interest of judicial economy, we will retain jurisdiction and decide the merits (see Matter of Heisler v Scappaticci, 81 AD3d 954 [2d Dept 2011]; see also Matter of DeMonico v Kelly, 49 AD3d 265 [1st Dept 2008]).
Petitioners were properly found to have violated Administrative Code § 28-301.1. Respondents’ interpretation of section 28-301.1 is entitled to deference, since the agency was responsible for administering the statute and its interpretation is reasonable and comports with the plain language of that provision (see Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal, 46 AD3d 425, 428-429 [1st Dept 2007], affd 11 NY3d 859 [2008]). We see no conflict between an owner’s duty to maintain its premises in a safe condition under Administrative Code § 28-301.1, and a contractor’s duty to safeguard a construction site under New York City Building Code (Administrative Code of City of NY, tit 28, ch 7) § BC 3301.2. Concur — Gonzalez, P.J., Mazzarelli, Andrias and DeGrasse, JJ.