■ In the Matter of IGOR OBERMAN, Petitioner, v NEW YORK CITY CONFLICTS OF INTEREST BOARD, Respondent. [52 NYS3d 8]—

Determination of respondent, dated November 6, 2014, which after a hearing, found that petitioner violated New York City Charter § 2604 (b) (2) and 53 RCNY § 1-13 (a) and (b), and ordered him to pay a civil penalty of $7,500, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [Alexander W. Hunter, Jr., J.], entered October 15, 2015), dismissed, without costs.

The challenged determination is based on substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-182 [1978]). There is no basis to disturb the credibility determinations of the Administrative Law Judge (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]). The "strong circumstantial evidence" (*Matter of S & R Lake Lounge v New York State Liq. Auth.*, 87 NY2d 206, 210 [1995]), including records of numerous calls involving petitioner's work telephone and donations to petitioner's political campaign, raised a reasonable inference that petitioner used his public employer's resources for private purposes, in violation of NY City Charter § 2604 (b) (2) and 53 RCNY § 1-13 (a) and (b). The penalty is not shockingly disproportionate to the offense (*see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]), in light of the extent of petitioner's misconduct, the warnings he had received against such misconduct, his failure to accept responsibility, and the high ethical standards to which he was held as an attorney. Concur—Friedman, J.P., Sweeny, Renwick, Andrias and Manzanet-Daniels, JJ.